[No. 11236.  Department Two.  November 28, 1913.]

Horace E. Peet, *Appellant*, v. E. M. Mills, *Respondent*.[1]

Master and Servant—Injuries — Remedies — Workmen's Compensation Law.  The workmen's compensation act, Laws 1911, p. 345 (3 Rem. & Bal. Code, § 6604-1 *et seq.*), reciting in § 1 that the common law system of actions by employees against employers for personal injuries is inconsistent with modern industrial conditions, and declaring the policy of the state to withdraw all phases of the premises from private controversy, and to that end abolishing all civil actions for personal injuries, to the exclusion of every other remedy except as in the act provided, in connection with § 5, providing a schedule of awards that injured workmen shall recover in lieu of "any and all rights of action, whatsoever against any person whomsoever" must be liberally construed as a remedial statute to further the legislative intention to make the industry bear the burden of injuries; and is not confined to the abolishment of rights of action by injured workmen against the employer, but extends to actions against third persons whose negligence caused injuries to workmen while engaged in their employment.

Statutes—Title and Subject.  The title of the workmen's compensation act, Laws 1911, p. 345 (3 Rem. & Bal. Code, § 6604-1 *et seq.*), "relating to the compensation of injured workmen" and "abolishing the doctrine of negligence as a ground for the recovery of damages against employers" is broad enough to embrace provisions abolishing all rights of civil action for such injuries, whether against employers or third persons.

Appeal from a judgment of the superior court for King county, Everett Smith, J., entered October 25, 1912, dismissing an action in tort, upon sustaining a demurrer to the complaint.  Affirmed.

*Charles P. Spooner* and *George R. Biddle,* for appellant.

*Kerr & McCord* and *J. N. Hamill,* for respondent.

*The Attorney General* and *S. H. Kelleran, Assistant, amici curiae.*

Morris, J.—By this appeal we are again called upon to review the workmen's compensation act of 1911 (Laws 1911,

[1]Reported in 136 Pac. 685.

p. 345; 3 Rem. & Bal. Code, § 6604-1 *et seq.*), under appellant's contention that the act is applicable only where recovery is sought upon the ground of negligence of the employer. The facts upon which appellant predicates his right of action are these: On January 22, 1912, while in the employ of the Seattle, Renton & Southern Railway Company as motorman, he was injured in a collision between two of the railway company's trains. Respondent was then the president of the railway company, and it is sought to hold him personally responsible for the injuries because of the allegations that, when he assumed the control and management of the railway company, it was equipped with a block signal system for use in foggy weather, which respondent negligently failed to operate; and that, when complaint was made by the train operators of the great danger of operating the trains without the aid of the block signals, a promise was made by respondent to have the block signals working during foggy weather, which promise respondent failed to keep; and as a consequence of his negligence in so failing, appellant was injured. The court below sustained a demurrer to the complaint, and appellant electing to stand upon his complaint, the action was dismissed and this appeal taken.

It is the contention of appellant, conceding he was, at the time of his injury, a "workman" within the meaning of the act, and that as such he has no right of action against the railway company, his employer, that the act in no way infringes upon his right of action against respondent, because (1) the act itself is in derogation of the common law, and since it does not expressly abolish the doctrine of negligence as a ground of recovery except as against employers, it should be strictly construed; (2) even though it be admitted that the body of the act is in itself sufficient to abolish negligence as a ground of recovery of damages against all persons within the scope of the act, the title to the act is not broad enough to include such abolition as against any one except employers.

Our recent discussion of the workmen's compensation act

of 1911, as found in *State ex rel. Davis-Smith Co. v. Clausen,*
65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466, and
*State v. Mountain Timber Co.,* 75 Wash. 581, 135 Pac.
645, renders unnecessary any further review of the act except
in so far as may be necessary to notice the contentions here
raised. The act contains its own declaration of legislative
policy, in reciting in § 1 that the common law system in deal-
ing with actions by employees against employers for injuries
received in hazardous employments is inconsistent with the
modern industrial conditions, uneconomic, unwise and un-
fair, and that, as the welfare of the state depends upon its
industries and even more upon the welfare of its working men,
the state of Washington, in the exercise of its police and sov-
ereign power, declares its policy to withdraw all phases of
the premises from private controversy regardless of ques-
tions of fault and to the exclusion of every other remedy, pro-
ceeding, or compensation except as provided in the act; "and
to that end all civil actions and civil causes of action for such
personal injuries and all jurisdiction of the courts of the
state over such causes are hereby abolished, except as in this
act provided."

It is a well accepted rule that remedial statutes, seeking the
correction of recognized errors and abuses in introducing some
new regulation for the advancement of the public welfare,
should be construed with regard to the former law, and the
defects or evils sought to be cured, and the remedy provided;
that, in so construing such statutes, they should be inter-
preted liberally, to the end that the purpose of the legislature
in suppressing the mischief and advancing the remedy be
promoted, even to the inclusion of cases within the reason, al-
though outside the letter, of the statute (36 Cyc. 1173); and
that, in construing the statute, courts will look to the old
law, the mischief sought to be abolished and the remedy pro-
posed. *State v. Stewart,* 52 Wash. 61, 100 Pac. 153.

Starting with these basic principles, the conclusion is evi-
dent that, in the enactment of this new law, the legislature de-

clared it to be the policy of this state that every hazardous industry within the purview of the act should bear the burden arising out of injuries to its employees; and that it was the further policy of the state to do away with the recognized evils attaching to the remedies under existing forms of law and to substitute a new remedy that should be ample, full, and complete, reaching every injury sustained by any workman while employed in any such industry, regardless of the cause of the injury or the negligence to which it might be attributed. We can conceive of no language the legislature might have employed that would make its purpose and intent more ascertainable than that made use of in the first section of the act. To say, with appellant, that the intent of the act is limited to the abolishment of negligence as a ground of action against an employer only, is to overlook and read out of the act and its declaration of principles the economic thought sought to be crystalized into law—that the industry itself was the primal cause of the injury and, as such, should be made to bear its burdens. The employer and employee as distinctive producing causes are lost sight of in the greater vision that the industry itself is the great producing cause, and that the cost of an injury suffered in any industry is just as much a part of the cost of production as the tools, machinery, or material that enter into that production, recognizing no distinction between the injury and destruction of machinery and the injury and destruction of men in so far as each is a proper charge against the cost of production. The legislature in this act was dealing, not so much with causes of action and remedies, as with this great economic principle that has obtained recognition in these later years, and it sought, in the use of language it deemed apt, to embody this principle into law. That in so doing the legislative mind was intent upon the abolishment of all causes of action that may have theretofore existed, irrespective of the persons in favor of whom or against whom such right might have existed, is equally clear from the language of § 5 of the act, containing

a schedule of awards, and providing that each workman injured in the course of his employment should receive certain compensation, and "such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever."

Referring again to § 1 of the act and the declaration of its exercise of police power by the state, to the end that it may advance the welfare of its citizens injured in any hazardous undertaking, we find this expression of intention:

"All phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extra hazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished." Laws 1911, p. 345, § 1 (3 Rem. & Bal. Code, § 6604-1).

For these reasons, we are of the opinion that the compensation provided by the act in case of injury to any workman in any hazardous occupation was intended to be exclusive of every other remedy, and that all causes of action theretofore existing except as they are saved by the provisos of the act are done away with.

Upon the second point, we think there is no room for argument. The first clause of the title indicates that it is an act relating to the compensation of injured workmen in any industry of the state, and the employment of the language, further on in the title, "abolishing the doctrine of negligence as a ground for recovery of damages against employers," is indicative of the evil the act seeks to overcome rather than the new remedy created. The title is plainly broad enough to indicate that the act is intended to furnish the only compensation to be allowed workmen subsequent to its becoming law, and as such clearly includes any and all rights of action theretofore existing in which such compensation might have been

obtained.  The second point is therefore overruled, and the judgment affirmed.

CROW, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.