[No. 14749.  Department One.  June 15, 1918.]

CHARLES CARLSON, *Appellant,* v. WILLIAM S. MOCK
et al., *Respondents.*[1]

MASTER AND SERVANT—INJURIES TO SERVANT—WORKMEN'S COMPEN-
SATION ACT—ELECTION OF REMEDIES—"PLANT."  Giving a liberal con-
struction to the proviso to Rem. Code, § 6604-3, which gives a work-
man entitled to industrial insurance the election to take under the
act or to sue third persons for injuries occurring "away from the
plant" of the employer, the "plant" of a street railway company
does not include its street car tracks in a city street; hence its
employee, run down by an automobile while engaged in oiling the
tracks, is entitled to make the election.

Appeal from a judgment of the superior court for
King county, Smith, J., entered September 14, 1917,
upon granting a nonsuit, dismissing an action for per-
sonal injuries sustained by a street railway employee
struck by an automobile.  Reversed.

*Edwin H. Flick* and *Fred D. Fletcher,* for appellant.
*Roberts, Wilson & Skeel,* for respondents.

TOLMAN, J.—This action was brought by the appel-
lant against the respondents, Mock and wife, to recover
damages for personal injuries.  Trial was had before
the court sitting with a jury, and at the close of the
appellant's case, upon motion of the respondents, a
judgment of nonsuit was entered.  From this judg-
ment, appellant brings the case to this court upon ap-
peal.

The appellant, in his supplemental complaint, al-
leges, that he was employed as a track oiler by the
Puget Sound Traction, Light & Power Company, and
that, while engaged in the duties of his employment on
the south track of the company's line on Jackson street
near the intersection of Jackson street and Thirtieth

[1]Reported in 173 Pac. 637.

avenue, in Seattle, the respondent Mock drove an automobile south on Thirtieth avenue, thence around the corner at Jackson street, presumably intending to proceed west on Jackson street, traveling at such a reckless rate of speed that it was impossible for him to make the turn in a lawful manner and in accordance with the traffic regulations; that the speed of the car carried it well over to the south side of Jackson street and into the face of eastbound traffic; that appellant was struck by the automobile while so traveling, and that he received the injuries, to recover for which this action was instituted.

The answer admits that the respondent's automobile collided with the appellant while he was engaged in oiling the tracks as aforesaid, but denies all of the remaining allegations of the complaint and affirmatively pleads contributory negligence; and, for a second affirmative defense, alleges, that the appellant was in the employ of the Puget Sound Traction, Light & Power Company as a track oiler; that he was engaged in his duties as such track oiler upon the tracks of the company at the time he sustained the injuries; that the street car tracks of the said company are a part of its plant and are upon the premises of the company; that the occupation in which the appellant was engaged is inherently dangerous and extra hazardous as defined in the workmen's compensation act; and that, by reason of such facts, the court has no jurisdiction of the cause of action.

The appellant's reply denies the affirmative matter. There is, therefore, only one issue before this court: Was the appellant entitled to an election of remedies under the workmen's compensation act, ch. 74, Laws of 1911, p. 345 (Rem. Code, § 6604-1 *et seq.*)?

In § 1 of the act referred to, the legislature declared its intention in these words:

"The remedy of the workman has been uncertain, slow and inadequate. Injuries in such works, formerly occasional, have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wage-worker. The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extra hazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; . . ." Rem. Code, § 6604-1.

The proviso upon which the appellant relies as fixing his right to elect to bring suit against the respondent is as follows:

"Provided, however, That if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; . . ." Rem. Code, § 6604-3.

Consequently it is for us to inquire just what is meant by the words "occurring away from the plant of his employer." In view of the purposes of the act, it would seem that this proviso is entitled to the same liberal construction in favor of the workman as is the remainder of the act, to the end that the workman may have his election as therein provided and may, in all cases falling under the proviso, determine for himself whether to take under the act the certain benefits which it affords, or, if he thinks it more to his advantage, to relieve the insurance fund and the industry of the burden of compensating him and seek relief directly

against the person at fault. This would seem to be especially true when the objection is raised by the party charged with the fault, who might otherwise escape in whole or in part from the pecuniary loss occasioned by his own negligent act.

The word "plant" is variously defined. Webster's New International Dictionary defines it as follows:

"(a) The machinery, apparatus, fixtures, etc., employed in carrying on a trade or a mechanical or other industrial business; as, an electric light plant, a fishing plant, etc. In the commercial sense, a plant may include real estate and all else that represents capital invested in the means of carrying on a business, exclusive of the raw material or the manufactured product.

"(b) A work shop or other apparatus complete; as, a bicycle plant."

If one were to lose sight of the purposes of the act and construe the word "plant" strictly, he might, under some definitions, and possibly under this definition, say that it included the street railway tracks as a part of the plant of the operating company. But a liberal construction, having in mind the purposes of the act and the necessity of giving full force to the proviso, leads to the conclusion that the legislature never intended that the term plant should include more than that part of the employer's fixed property over which he has exclusive control, and cannot be applied to a public street or highway, though occupied by the employer for certain purposes, over which the general traveling public have at least equal rights with the employer, and over which the employer has no oversight or method of protecting the employee from the negligent or wrongful acts of third persons.

To hold otherwise would deny the right of election to all workmen whose regular duties take them upon the public highways. There seems to be no distinction between an employee of a street railway company who

works upon its tracks in the public streets, and a truck driver for instance, who is employed in transporting his employer's commodities between docks, warehouses, and freight depots along the public streets. Each has the same right to be upon the public street in the pursuit of his duties, and the fact that the employer in one case lays a permanent track, under a franchise, gives him no greater control over the use of the street by the general public, and no greater rights thereon, than has the other. Yet who would say that the public streets are a part of the plant of a manufacturing concern whose truck driver is constantly passing over them during the hours of labor?

This court has held that the industry must bear the burden of damages resulting from an act of a stranger on the premises of the employer. *Stertz v. Industrial Insurance Commission*, 91 Wash. 588, 158 Pac. 256. And we heartily reaffirm that doctrine. In that case the claimant elected to take under the act from the fund, and not to proceed against the third persons who committed the wrongful act. Hence the point here in issue was not there passed upon by the court.

In *Ross v. Erickson Construction Co.*, 89 Wash. 634, 155 Pac. 153, L. R. A. 1916F 319, the claimant had elected, claimed and received a final award for his injuries from the industrial insurance fund, and thereafter brought an action against the physician employed by his employer for malpractice in treating his injuries, and the proviso, § 3 of the act, Laws of 1911, p. 346 (Rem. Code, § 6604-3), was not in any way involved, as it is here, and no attempt was made by the court in that case to lay down any rule which would be decisive of this case.

In *Meese v. Northern Pac. R. Co.*, 206 Fed. 222, it appears that the workman was employed by the Seattle Brewing & Malting Company at its plant in Georgetown, and the defendant railway company had a track

running alongside of such plant, apparently built and used for the purpose of serving the brewing company, upon which it furnished shipping facilities to the brewing company. After cars were placed upon such track by the railway company they were spotted and moved about and loaded by the brewing company as required by its business. The deceased workman, at the time of the accident, was doing the work of his employer, but actually upon the private right of way of the railway company. Judge Cushman, in that case, held that the workman was killed, not away from, but at the plant of his employer, saying:

" 'At the plant' may include less or more than 'on the premises,' depending on the relative extent of the two; but these two expressions show an intention not to limit the application of the law to real property boundaries."

A doctrine to which we might subscribe without deciding this case. But had the accident considered in that case occurred miles instead of feet from the employer's boundary line, and upon a public highway in a populous city, where the employer could exercise no oversight or control and could not maintain any sort of protection against the public generally, who had at least equal rights thereon, we apprehend the result would have been different. We think there is a narrow but plain distinction between that case and this upon the facts; but if not, we decline to follow Judge Cushman's rule.

The *Meese* case afterwards reached the supreme court of the United States (*Northern Pac. R. Co. v. Meese*, 239 U. S. 614), and that court affirmed Judge Cushman, upon the theory that this court, in *Peet v. Mills*, 76 Wash. 437, 136 Pac. 685, Ann. Cas. 1915D 154, L. R. A. 1916A 358, had so construed the industrial insurance act as to take away the right of action. In the

*Peet* case, the employee was injured in a collision upon the private right of way of the railway company, which was his employer. He brought his action, not against the company, but against its president individually, charging him with negligence. There was not, and could not be, any question raised in that case as to the injury occurring away from the plant of the employer, and the question here presented was not in any way considered by this court in that case. Unfortunately the Federal supreme court appears to have been misled by the general discussion of the purposes of the act in that case.

The fact that all of the employees of street railways are, by its terms, brought under the act does not, of course, conflict with our views as to the meaning of the proviso, because an employee must be under the act before he can elect under the proviso.

To hold with the respondent's conclusions would be to deny a right of election, a valuable right given to the workman by the statute, and place upon the industry a burden of which the workman by his election may relieve it, and to say to those who negligently or recklessly use the public streets, "You may not be brought to the bar of justice to answer for such acts as these by the person injured, but only through a deferred and delayed action brought by the state after all private rights have been satisfied from the insurance fund." Such a deferred action would be only for the purpose of reimbursing the fund, and the opportunities for the wrongdoer to escape, in whole or in part, are apparent.

The judgment of the trial court is reversed, with directions to proceed in accordance with the views herein expressed.

MAIN, C. J., MITCHELL, FULLERTON, and PARKER, JJ., concur.