[No. 14749.  *En Banc.*  November 20, 1918.]

CHARLES CARLSON, *Appellant*, v. WILLIAM S. MOCK *et al.,*
*Respondents.*[1]

Appeal from a judgment of the superior court for King county,
Smith, J., entered September 14, 1917, upon granting a nonsuit, dis-
missing an action for personal injuries sustained by a street rail-
way employee struck by an automobile.  Reversed.

*Edwin H. Flick* and *Fred D. Fletcher*, for appellant.
*Roberts, Wilson & Skeel*, for respondents.

ON REHEARING.

TOLMAN, J.—Upon rehearing *En Banc* and a careful reconsidera-
tion of the whole subject-matter, the majority of the court adheres
to, and reaffirms the views heretofore expressed in, the opinion
which will be found in 102 Wash. 557, 173 Pac. 637.

MAIN, C. J., PARKER, FULLERTON, and MITCHELL, JJ., concur.

HOLCOMB, J. (dissenting)—The majority having sustained the De-
partment opinion herein, and there having been heretofore no op-
portunity for me to express my views upon the original opinion, I
avail myself of the present opportunity so to do.

I disagree with the prevailing opinion, especially upon the re-
stricted definition of the "plant" of a street railway system.  The
definition pronounced is too limited and its importance is far
reaching.

Cable or electric street railways were expressly brought within
the terms of the act as extra-hazardous occupations, and "all em-
ployees of street railways" were classified as in extra-hazardous
occupation.  The plant of such a system must necessarily consti-
tute and include, not only the private premises of the system de-
voted to such use, but the poles and wires (*Brown v. Gerald*, 100
Me. 351, 61 Atl. 785, 109 Am. St. 526, 70 L. R. A. 472) and the fix-
tures, machinery, apparatus, appliances, etc., necessary to carry on
the trade or business, or any mechanical operation or process.
*Scott Supply & Tool Co. v. Roberts*, 42 Colo. 280, 93 Pac. 1123; Ency.
Dictionary; Webster's International Dictionary; *Wood v. United
States Fidelity & Guaranty Co.*, 143 Fed. 424; *McKeon v. Proctor &
Gamble Mfg. Co.*, 76 Misc. Rep. 599, 135 N. Y. Supp. 891.  Other
similar constructions could be cited.

Under the prevailing opinion, a street railway would have no
plant except its power plant or car barn, if it had any such.  Some
electric street railways have no power plant, but buy electric power
from an independent concern.  Some such systems, if new or small,

[1]Reported in 176 Pac. 2.

may even dispense with car barns and have nothing but their franchises and tracks upon public streets. Such systems would, therefore, have no plant, and although expressly denominated extra-hazardous occupations for its employees, the employer would be read out of the act. This condition cannot be sustained.

And, again, if a street railway exists partially upon private right of way and partially upon public streets, a private right of way is to be deemed a part of the plant, while the tracks upon the public streets are not. Whenever a public road crossed the railway upon its private right of way, the crossing, being a public highway, would not be part of the plant. In short, the railway would be segregated here and there into plant and non-plant. Great confusion thus results from such definition.

I should like to concur in the result and affirm the judgment, for in this case respondents were wrongdoers and appellant injured by their tortious act. The act was not intended to protect and insure a wrongdoer from the consequences of his tortious act. The act provides that an employee injured while away from the plant by such wrongdoer shall have the right to elect whether to take under the act or seek his remedy against such other, such election to be in advance of any suit; and if he elect to take compensation under the act, his cause of action would be assigned to the state for the benefit of the accident fund. These terms do not give the option or election to the wrongdoer to have determined at his instance whether he shall pay the injured person directly or the state, upon the assignment of the injured person.

The defense was that, under the compensation act, the court had no jurisdiction of the cause of action. The wrongdoer should not complain that he is held accountable directly by the injured party rather than by the state. In any case he can be held accountable but once for the same injury and damage. If I conscientiously could, I should insist that, in such a case as this, where the injury happened upon a public street and may have happened as well outside of the tracks of the street railway company as between them or upon them, under a broad interpretation of the act and proviso giving the right of election, the injured party may elect that, as to the wrongdoer other than the employer, the injury occurred away from the plant of the employer. But, as I see it, this cannot be done. The act gives the right of election only to the one injured "away from the plant." The plant and the system of a street railway are synonymous and are patently used interchangeably in the act. There is room for appropriate legislative amendment, but none for judicial legislation.

For these reasons, I must dissent.

MACKINTOSH, MOUNT, and CHADWICK, JJ., concur with HOLCOMB, J.