[No. 15542. Department Two. January 13, 1920.]

Frank .I. Zenor, *Respondent,* v. Spokane & Inland Empire Railroad Company, *Appellant.*[1]

Master and Servant (20-21)—Workmen's Compensation Act—"Plant"—City Bridge. A city bridge over wires and tracks of an electric railway company, over which the city, for the purpose of repairs, has exclusive control, is a part of the "plant or premises" of the city within the meaning of the workmen's compensation act, Rem. Code, § 6604-3, abolishing civil remedies and establishing industrial insurance for employees in extra hazardous employments, if injured "upon the premises or at the plant," in the course of their employment; so that the act applies to a bridge carpenter injured by contact with the electric wires of the company while engaged in repairing the bridge.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered February 4, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee through contact with electric wires. Reversed.

*Graves, Kizer & Graves,* for appellant.

*E. O. Connor,* for respondent.

Tolman, J.—Respondent, at the time of receiving the injuries hereinafter referred to, was employed by the city of Spokane as a bridge carpenter, and was then engaged in the repair of a wooden bridge belonging to the city, which bridge carried the traffic of Sec-

[1] Reported in 186 Pac. 849.

ond avenue above and over the tracks of appellant. At the time when appellant constructed its tracks and strung its wires, there was no overhead crossing at Second avenue. Some years later the city constructed the bridge in question, the lower framework of which cleared appellant's electric wires by but a few inches, and has since maintained it as a part of the public street. At the time in question, the city bridge foreman, with a crew of men, set about to repair the bridge. Respondent and another workman were by the foreman directed to go beneath the floor or surface of the bridge and loosen certain bolts which were a part of the structure, and while engaged in this work, respondent in some manner came in contact with appellant's wires carrying a high voltage of electricity, and was seriously injured. This action was brought to recover damages for such injuries, it being alleged that appellant was negligent in placing and maintaining uninsulated wires carrying a high voltage of electricity in close proximity to the supporting timbers and braces of the bridge, where one engaged in repairs might come in contact with them. In addition to the usual defenses, appellant, by answer, pleaded that respondent was employed by the city in working upon and about its bridges; that the city was then paying to the industrial insurance commission premiums covering such employment (which facts appear to be established by the evidence), and that respondent's injuries came within the provisions of the workmen's compensation act, and his sole remedy therefor lies with the industrial insurance commission.

The case was tried to a jury, and at the close of all the evidence, appellant moved that the case be taken from the jury and judgment entered in its favor, for the reason that the court had no jurisdiction, and because respondent's sole remedy was to apply for com-

pensation under the workmen's compensation act. This motion was denied and the cause submitted to the jury, which returned a verdict in respondent's favor. Appellant then moved for judgment in its favor *non obstante veredicto,* which motion was also denied, and a judgment was entered on the verdict, from which this appeal is prosecuted.

The workmen's compensation act, after providing:

"The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." (Rem. Code, § 6604-1.)

further provides:

"Workman means every person in this state, who, after September 30, 1911, is engaged in the employment of an employer carrying on or conducting any of the industries scheduled or classified in section 6604-4, whether by way of manual labor or otherwise, and whether upon the premises or at the plant or, he being in the course of his employment, away from the plant of his employer: Provided, however, that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other."     (Rem. Code, § 6604-3.)

Respondent contends that the bridge upon which he was working at the time he was injured was neither

the premises nor plant of his employer, and that he is therefore entitled to elect whether he will seek compensation under the act, or sue the wrongdoer under the proviso just quoted. From the beginning, this court has construed the act as meaning what it says; *i. e.,* that the common law right of action for damages accruing from an injury received by a workman in the course of his employment is abolished, except as in the act otherwise provided. *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466, 2 N. C. C. A. 823, 3 N. C. C. A. 599; *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685, Ann. Cas. 1915 D 154, L. R. A. 1916 A 358; *Ross v. Erickson Construction Co.,* 89 Wash. 634, 155 Pac. 153, L. R. A. 1916 F 319; *Stertz v. Industrial Insurance Commission,* 91 Wash. 588, 158 Pac. 256, Ann. Cas. 1918 B 354, and the inquiry here is therefore limited to the one question of whether or not the facts shown are sufficient to give respondent the right of election provided for in the act. The words "plant" or "premises" are elastic terms and have been variously defined by the courts, but we find nothing from other jurisdictions which is decisive here.

In *Carlson v. Mock,* 102 Wash. 557, 173 Pac. 637, we held that the word "plant" was intended by the legislature to include no more than that part of the employer's fixed property over which he has exclusive control, and not to include a street car track upon a public street, over which the employer had no oversight, and no means of protecting an employee from the negligent or wrongful acts of third persons. From the reasoning in that case it would seem almost to follow as a matter of course that, in this case, the bridge upon the city street, of which the city is the owner, over which it exercises control, and may, for the purpose of

repair, wholly exclude the public therefrom and take any and every necessary step to insure the safety of its employees while engaged thereon, must be held to be part of the plant or premises of the city. The fact of the city's ownership of the bridge, qualified though it be (see 2 Dillon, Municipal Corporations, § 662; *Chicago v. Wright,* 69 Ill. 318; 1 Elliott, Roads and Streets (3d ed.), § 52), its duty to maintain and keep it in repair, and its control over and right to regulate its use for the purpose of protecting the workmen there employed, as well as the public generally, seem, in the light of what was said in *Stertz v. Industrial Insurance Commission,* and *Carlson v. Mock, supra,* to establish with reasonable certainty that the bridge was the city's premises and plant within the meaning of the act; especially so where, as here, the injury was not inflicted upon the highway, but at a point below the surface where the general public had no right to be and where, it is argued, the city had itself created the dangerous condition by building the bridge in close proximity to the wires already there, without requiring their insulation or removal.

We conclude that the learned trial court erred in not granting appellant's motion for judgment. Judgment reversed.

Holcomb, C. J., Bridges, Fullerton, and Mount, JJ., concur.