[No. 17651. Department One. March 9, 1923.]

VINCENZO DIBLASIO, *Respondent*, v. G. O. HUNTER *et al.*,
*Appellants.*[1]

MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION ACT—EM-
PLOYMENT AT "PLANT"—CITY RAILWAY SYSTEM. A repairer of street
car tracks, standing outside of but close to the tracks when struck
by an automobile, is not working "away from the plant," under
Rem. Comp. Stat., § 7675, giving such workmen the right of election;
and his remedy is solely against the industrial insurance fund.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered July 3, 1922, upon the
verdict of a jury rendered in favor of the plaintiff, in
an action in tort. Reversed.

*Roberts & Skeel,* for appellant.

*S. H. Kelleran* and *George F. Hannan,* for respond-
ent.

BRIDGES, J.—The city of Seattle is the owner of the
street railway system in that city. The plaintiff was
one of its employees, engaged in repairing its street
car tracks on First avenue near Union street. He was
standing just outside of, but very close to, the tracks
when he was struck by the defendant's automobile and
injured. The defendant has appealed from a judgment
in favor of the plaintiff.

The first and probably the most important question
is: May respondent maintain this action against the
person who injured him, or must he obtain redress
only from the fund created by the state workmen's
compensation act.

Section 6604-3, Rem. 1915 Code (being a part of the
workmen's compensation act), in so far as it is material
to this suit, reads as follows:

[1] Reported in 213 Pac. 470.

"Workman means every person in this state, who, after September 30, 1911, is engaged in the employment of an employer carrying on or conducting any of the industries scheduled or classified in section 6604-4, whether by way of manual labor or otherwise, and whether upon the premises or at the plant or, he being in the course of his employment, away from the plant of his employer: *Provided, however,* that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section;  . . ."

If respondent was injured while working "away from the plant" he may maintain this suit, otherwise he may not. The particular question is, are the street car tracks on the streets of Seattle a part of the city's street railway plant within the contemplation of the compensation act. The reasoning of the case of *Carlson v. Mock,* 102 Wash. 557, 173 Pac. 637, and the facts and reasoning in the case of *Zenor v. Spokane & Inland Empire R. Co.,* 109 Wash. 471, 186 Pac. 849, are decisive of this case.

In the *Carlson* case, *supra,* the plaintiff was an employee of the Puget Sound Traction, Light & Power Company, which owned the street railway system in the city of Seattle, and while he was working in repairing the car tracks on 13th avenue, he was injured by being run over by an automobile driven by the defendant.

In the *Zenor* case, *supra,* the plaintiff was working on a bridge built and maintained by the city of Spokane, beneath which the railway tracks and high power lines of the Spokane & Inland Empire Railroad Company were maintained. This bridge was part of one

of the city streets. The plaintiff, while at work for the city on the bridge, came in contact with one of the high power lines, which it was alleged were negligently kept too close to the bridge, and was injured.

The question involved in each case was whether the workman was injured away from the plant. The opinion in each of these cases was written by Judge Tolman, and in the *Carlson* case, *supra,* this question was answered in the affirmative, and in the *Zenor* case, *supra,* it was answered in the negative. In the latter case it was said:

"In *Carlson v. Mock,* 102 Wash. 557, 173 Pac. 637, we held that the word 'plant' was intended by the legislature to include no more than that part of the employer's fixed property over which he has exclusive control, and not to include a street car track upon a public street, over which the employer had no oversight, and no means of protecting an employee from the negligence or wrongful acts of third persons. From the reasoning in that case it would seem almost to follow as a matter of course that, in this case, the bridge upon the city street, of which the city is the owner, over which it exercises control, and may, for the purpose of repair, wholly exclude the public therefrom and take any and every necessary step to insure the safety of its employees while engaged thereupon, must be held to be part of the plant or premises of the city."

It will be observed that the decision in both those cases was made to rest largely on the question whether the employer had such dominion over and control of the place where the injury occurred as that he might protect his employees from injury.

In this case, the employer of respondent not only owned the street railway system, but also had control over the place where respondent was injured, to wit, one of the public streets. It unquestionably had the power either to entirely close the street to motor vehicles while its street railway tracks were being

repaired, or so confine the traffic as to lessen the hazards to its employees. It had such control of the place where respondent was at work as that it could protect him "from the negligence or wrongful act of third parties", as stated in the *Carlson* case, *supra*. It was because of a lack of such control over the place of injury in the *Carlson* case we held the car tracks on the street were not a part of the "plant", and it was because of such power of control in the *Zenor* case we held the bridge was a part of the city's "plant". Since such power of control and supervision existed in this case, under the doctrine of both the *Carlson* and the *Zenor* cases, we are required to hold that the respondent, at the time of his injury, was not working away from the plant of his employer. His remedy is solely against the industrial fund.

We have above quoted the original section of the statute with reference to this question. It was amended in 1919 (Laws of 1919, p. 343) and in 1921 (Laws of 1921, p. 720; Rem. Comp. Stat., § 7675), but no change was made in that portion which we have quoted. Both amendments were made after the decision in the *Carlson* case, and the last amendment was made after the decision in the *Zenor* case. We assume, therefore, that those decisions give a proper interpretation of the legislative intent.

The judgment is reversed and the action dismissed.

Main, C. J., Mackintosh, and Holcomb, JJ., concur.