[No. 17998.  Department Two.  August 31, 1923.]

## CLARK MATHEWSON, *Respondent*, v. ROY OLMSTEAD et al., *Appellants*.[1]

MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION—"PLANT" OF CITY CONTRACTOR—CITY STREET. Where a pavement had been opened for public travel for sixty days at the time an employee of the paving contractor was run down and injured, while cleaning a plank preparatory to setting a form for a curb, the place was not in the exclusive control of the contractor so as to be a part of "the plant" within the industrial insurance act, Rem. Comp. Stat., § 7675.

MUNICIPAL CORPORATIONS (380)—USE OF STREETS — CITY ORDINANCES—RIGHT OF WAY. A traffic ordinance giving the right of way between street intersections to an auto has no application to the case of an injury to a workman in the street engaged in constructing a curb.

[1]Reported in 218 Pac. 226.

EVIDENCE (54)—RES GESTAE—STATEMENTS BEFORE TRANSACTIONS. In an action for injuries caused in an automobile accident, it is admissible as part of the res gestae to allow a witness to testify as to what he said when he first saw the defendant's automobile approaching the scene of the accident.

APPEAL (129)—PRESERVATION OF GROUNDS—REQUESTS FOR INSTRUCTIONS. Error cannot be predicated upon the giving of an instruction setting forth a part of a section of the laws defining the duties of drivers of motor vehicles on the public highways of the state, without giving the balance of the section, in the absence of any request therefor.

DAMAGES (81)—EXCESSIVE DAMAGES—INJURY TO SPINE. A verdict for $17,000, reduced by the trial judge to $14,000, is not excessive, where the plaintiff, sixty years of age, and capable of earning six dollars a day at his trade, sustained fractures of the vertebrae and was permanently incapacitated from engaging in any manual labor or standing for more than an hour or' so without great pain.

Appeal from a judgment of the superior court for King county, Brinker, J., entered February 17, 1923, upon the verdict of a jury rendered in favor of the plaintiff, struck by an automobile, in an action for personal injuries. Affirmed.

*Clem J. Whittemore (Peters & Powell,* of counsel), for appellants.

*G. F. Vanderveer,* for respondent.

PEMBERTON, J.—The respondent was injured by the automobile of the appellants, in the city of Seattle, on or about the 15th day of December, 1921, while engaged with two other workmen in cleaning a plank preparatory to setting it in a form for a concrete curb on McClellan street, in the city of Seattle. It appears that respondent was in the employment of Jahn & Bressi, contractors, who had been laying the concrete pavement on said street, and at the time of the accident was installing the curbing. The street had been opened to the public for some time prior to the accident. It is agreed that Mrs. Olmstead, while driving

down a ten per cent grade on McClellan street, lost control of her automobile, and ran over the respondent and two of his fellow workmen, inflicting injuries to such an extent that all three of the workmen were taken to a hospital. Upon a trial by jury, a verdict was rendered in favor of respondent in the amount of $17,000. The trial court reduced this sum and entered judgment in the amount of $14,000. From the judgment, this appeal is taken.

It is contended by appellant that the respondent was employed at the plant of the employer in extra-hazardous work, and his sole recovery is against the state under the workmen's compensation act.

Appellant contends "that this concrete mixer, and the operation of the setting of the forms and pouring the concrete was the 'plant' of the employer" under § 6604-3, Rem. 1915 Code [Rem. Comp. Stat., § 7675]. In support of this contention appellant relies upon the following cases: *Carlson v. Mock,* 102 Wash. 557, 173 Pac. 637; *Zenor v. Spokane & Inland Emp. R. Co.,* 109 Wash. 471, 186 Pac. 849; *Boroughs v. Davis,* 121 Wash. 557, 210 Pac. 196, 212 Pac. 1043; *Diblasio v. Hunter,* 124 Wash. 98, 213 Pac. 470.

In the case of *Diblasio v. Hunter, supra,* the workman was employed by the city of Seattle, the owner and operator of the street railway system in that city and the injury occurred while the workman was standing near the street railway engaged in its repair. In that case, the city was the owner and was operating the street car system and the street car track was considered a part of the plant.

In the *Boroughs* case, *supra,* we said:

"The platform with its inclined approach, and mechanical equipment, no matter on whose real estate it was located, was a part of the fixed property of the employer over which, so far as these operations were

concerned, the employer had exclusive control, and could have provided means for the repair of the chain which would have made respondent's presence on the railroad track wholly unnecessary and inexcusable. There was no interference by the public, or by the railroad company, with such control, and the hazard of the situation was as much within the oversight of the employer, and as inherent in the employment, as though the accident had occurred upon any other part of the employer's fixed premises.''

In the *Zenor* case, *supra,* we said:

''The injury was not inflicted upon the highway, but at a point below the surface where the general public had no right to be and where, it is argued, the city had itself created the dangerous condition by building the bridge in close proximity to the wires already there, without requiring their insulation or removal.''

The facts in these cases are not similar to the facts in issue in this case. In the case of *Carlson v. Mock, supra,* we said:

''But a liberal construction, having in mind the purposes of the act and the necessity of giving full force to the proviso, leads to the conclusion that the legislature never intended that the term plant should include more than that part of the employer's fixed property over which he has exclusive control, and cannot be applied to a public street or highway, though occupied by the employer for certain purposes, over which the general traveling public have at least equal rights with the employer, and over which the employer has no oversight or method of protecting the employee from the negligent or wrongful acts of third persons.''

And as stated in the *Boroughs* case, *supra*:

''We have no sympathy with the defense raised, as here, by the wrongdoer; and, where possible, would willingly preserve to the workman his statutory right of election.''

The pavement in the case at bar at the time of the accident had been completed and open to public travel for approximately sixty days.   We must find that the place wherein respondent was injured was not in the exclusive control of his employers and was not a part of the plant, under the authority of *Carlson v. Mock,* *supra,* which we reaffirm as the law of this state.   The industrial insurance fund is provided for the. exclusive benefit of the employer and the workman, and we will, in all doubtful cases, sustain the right of the injured workman against the third party wrongdoer who has not contributed to the fund.

Appellant also contends that the court erred in rejecting certain sections of the traffic ordinance, offered by the defense, to the effect that the appellant's automobile had the right of way over the respondent, the accident occurring between street intersections.   We are satisfied that the question of the right of way is one between a driver of an automobile and a pedestrian, and does not apply in this case, since respondent was a workman engaged in the construction of the curb along the street and not a pedestrian.

It is next contended that it was error to permit the witness Barkley to testify as to what he said to his brother on the truck when they first saw the appellants' car coming over the top of the hill.   This testimony was properly admitted as part of the *res gestae.* *Britton v. Washington Water Power Co.,* 59 Wash. 440, 110 Pac. 20, 140 Am. St. 858, 33 L. R. A. (N. S.) 109; *Grant v. Oregon R. & Nav. Co.,* 54 Wash. 678, 103 Pac. 1126, 25 L. R. A. (N. S.) 925.

The trial court gave the following instruction:

"Instruction No. 9.   I instruct that a statute in this state provides as follows: 'It shall be the duty of every person operating a motor vehicle on the public

highways of this state to drive the same in a careful and prudent manner. It shall be unlawful for any person to operate or move any motor vehicle . . . . in any case, at a rate of speed that will endanger the property of another or the life or limb of any person.' "

Appellants claim that the court erred in giving this part of § 27, p. 271, ch. 96, of the Laws of 1921 (Rem. Comp. Stat., § 6339), without giving the balance of the section. The instruction given is the law applicable to this case. If, on the other hand, appellants desire the giving of an instruction including the balance of the section, it was their duty to so request the trial court; and not having done so, they cannot now be heard to complain.

It is next contended that the verdict of $17,000 was excessive and showed such prejudice and passion on the part of the jury as to entitle the appellants to a new trial, and this was in no way remedied by the reduction of the verdict to $14,000 which was still grossly excessive.

Respondent is a man sixty years of age, and at the time of the accident was capable of earning and was earning $6 a day at his trade. It is claimed that his third, fourth, and fifth vertebrae were fractured and shown that the transverse processes were completely torn away from all three of these vertebrae, and the fourth and fifth vertebrae were crushed together, causing a comminuted fracture of both of them and other injuries. As a result of these injuries, respondent was permanently incapacitated from pursuing his trade or engaging in any other manual labor. Thirteen months after the injury, he was still unable to remain on his feet more than an hour or an hour and a half because of severe pain. The physicians testified that there had been practically no improvement

in his condition for the past six months.    Under these facts, we are unable to say that the amount of $14,000 is excessive.

The judgment will be affirmed.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.