[No. 20088.  Department One.  January 19, 1927.]

LEO MURPHY et al., Appellants, v. WILLIAM SCHWARTZ, et al., Respondents.[1]

[1] MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION ACT— "PLANT"—CITY STREET.  A city employee engaged in oiling street car tracks upon a municipal street car line, at the time he was struck by a passing automobile, was engaged in work at the "plant" of the city, within the provisions of the workmen's compensation act providing in such case that his remedy is solely against the industrial fund.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 25, 1926, dismissing an action for personal injuries upon granting a new suit after a trial before a jury.  Affirmed.

*George E. Mathieu,* for appellants.

*Ralph S. Pierce,* for respondents.

*Thomas J. L. Kennedy, Geo. A. Meagher* and *A. C. Van Soelen,* amici curiae.

MITCHELL, J.—This is an appeal from a judgment dismissing an action for damages resulting from the negligence of the driver of a taxicab, who injured appellant Leo Murphy, while he was engaged as a track oiler in the employ of the city of Seattle on its munic-

¹Reported in 252 Pac. 152.

ipal street car system. He was injured while engaged at his work at the intersection of Madison and Post streets in that city. The nonsuit was granted on the ground that he was on the plant of his employer at the time he was injured, and therefore had no right of election to sue the negligent third parties who caused the injuries, but must seek redress only fròm the fund created by the workmen's compensation act. The work· in which he was engaged· was extra-hazardous within the meaning of the workmen's compensation act.

[1] In our opinion the question in the case, that is whether Leo Murphy, when injured, was working at the plant of his employer, as that term is ·used in the workmen's compensation act, is controlled by the cases of *Zenor v. Spokane & Inland Empire R. Co.*, 109 Wash. 471, 186 Pac. 849, and *Diblasio v. Hunter*, 124 Wash. 98, 213 Pac. 470. In the *Zenor* case, the workman was an employe of the city of Spokane. He was injured while engaged in repairing a bridge on one of the streets of the city. While thus engaged he came in contact with, and was injured by, a live electric wire belonging to the Spokane & Inland Empire R. Co. which, he alleged, had been negligently placed too close to the bridge timbers. He sued the company, and the question was· whether he was ·at the plant of his employer, the city, at the time he was injured. It was held that he was, and could not recover from the· railroad company. In giving the reasons for the decision, the case was compared with *Carlson v. Mock*, 102 Wash. 557, 173 Pac. 637, so much relied on here by the appellants. We said:

"In *Carlson v. Mock*, 102 Wash. 557, 173 Pac. 637, we held that the word 'plant' was intended by the legislature to include no more than that part of the employer's fixed property over which he has exclusive control, and not to· include a street car track upon a

public street, over which the employer had no oversight, and no means of protecting an employee from the negligent or wrongful acts of third persons. From the reasoning in that case it would seem almost to follow as a matter of course that, in this case, the bridge upon the city street, of which the city is the owner, over which it exercises control, and may, for the purpose of repair, wholly exclude the public therefrom and take any and every necessary step to insure the safety of its employees while engaged thereon, must be held to be part of the plant or premises of the city. The fact of the city's ownership of the bridge, qualified though it be (see 2 Dillon, Municipal Corporations, § 662; *Chicago v. Wright,* 69 Ill. 318; 1 Elliott, Roads and Streets (3d ed.), § 52), its duty to maintain and keep it in repair, and its control over and right to regulate its use for the purpose of protecting the workmen there employed, as well as the public generally, seem, in the light of what was said in *Stertz v. Industrial Insurance Commission,* and *Carlson v. Mock, supra,* to establish with reasonable certainty that the bridge was the city's premises and plant within the meaning of the act."

The *Diblasio* case arose in the city of Seattle. The injured workman was an employe of the city engaged over the place where respondent was injured, to wit, He was injured by a third person and sued him. He was not allowed to recover, that is, was not allowed to maintain the suit against the third party, because it was held that at the time he received his injuries he was at the plant of his employer. In the opinion it was said:

"In this case, the employer of respondent not only owned the street railway system, but also had control over the place where respondent was injured, to wit, one of the public streets. It unquestionably had the power either to entirely close the street to motor vehicles while its street railway tracks were being repaired, or so confine the traffic as to lessen the hazards to its employees. It had such control of the place where

respondent was at work as that it could protect him 'from the negligence or wrongful act of third parties,' as stated in the *Carlson* case, *supra*. It was because of a lack of such control over the place of injury in the *Carlson* case we held the car tracks on the street were not a part of the 'plant,' and it was because of such power of control in the *Zenor* case we held the bridge was a part of the city's 'plant.' Since such power of control and supervision existed in this case, under the doctrine of both the *Carlson* and the *Zenor* cases, we are required to hold that the respondent, at the time of his injury, was not working away from the plant of his employer. His remedy is solely against the industrial fund.''

That case differs from the present one only in detail, not in principle. There the workman was engaged in repairing the track, here he was engaged in oiling it. The reason of the rule announced is the power of the city to control the place where the employe works, so as to protect him from the wrongful or negligent acts of third persons, the power to close the street to motor vehicles or so confine the traffic as to lessen the hazards to the city's employes. It is so stated in the opinion. If the city has the power to do so in protection of its employes engaged in repairing the tracks, it has, to the same extent, the power to do so in protection of its employes engaged in oiling the tracks. The existence of that power denies to an injured workman the right of election. He must take under the act. To the same effect is our more recent case of *Shockey v. Royal Baking Powder Mfg. Co.*, 138 Wash. 223, 244 Pac. 549.

Affirmed.

TOLMAN, FULLERTON, and MAIN, JJ., concur.