[No. 20727.   Department Two.   December 22, 1927.]

W. T. WADE, *Respondent,* v. J. J. HARRIS *et al.,*
*Appellants.*[1]

[1] MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION ACT—
INJURY AWAY FROM PLANT—ELECTION OF REMEDIES. Under the
workmen's compensation act, Rem. Comp. Stat., § 7675, pro-
viding that an employee injured while away from his em-
ployer's plant, by the act of another, may elect to sue such
other at law, a city teamster, employed to work on the city
streets, is not injured at the "plant" of the city, where he was
hurt while driving along the streets on the way to the barn,
and is therefore entitled to the election.

Appeal from a judgment of the superior court for
King county, Kinne, J., entered March 11, 1927, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for personal injuries. Affirmed.

*Reynolds, Ballinger & Hutson,* for appellants.

*G. F. Vanderveer,* for respondent.

FULLERTON, J.—The respondent, Wade, was injured
by the negligent act of the appellant, Harris, an em-
ployee of his co-appellant. In this action, on a trial
had before the court sitting with a jury, a verdict was
returned in his favor. The appeal is from the judg-
ment entered on the verdict.

At the time he received his injury, the respondent
was an employee of the city of Seattle. His duties
were to drive a team, hitched to a dump-cart, owned by
the city and used by it for removing refuse from public
streets of the city, which its street-cleaners collected
and put into piles on the margin of the streets. At
the immediate time of the injury, the respondent was
driving the team to the city barn, where the team was
stabled when not employed in active work.

'Reported in 262 Pac. 234.

[1] The sole question presented on the appeal is, whether the respondent has the right to maintain the action. The contention that he has not the right is founded upon the workmen's compensation act. That act, it will be remembered, withdraws from private controversy the common-law remedies of an employee against his employer for personal injuries received in the course of his employment, and relegates him to the relief afforded by the act.

When the injury to the workman occurs at the plant of the employer, he must, in all instances, take his compensation under the act; and when it occurs in the course of his employment away from the plant, he must, as against his employer, also take under the act, regardless of the manner or the cause of the injury. *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685, Ann. Cas. 1915D 154, L. R. A. 1916A 358; *Ross v. Erickson Construction Co.,* 89 Wash. 634, 155 Pac. 153, L. R. A. 1916F 319; *Stertz v. Industrial Insurance Comm.,* 91 Wash. 588, 158 Pac. 256, Ann. Cas. 1918B 354; *Zenor v. Spokane & Inland Empire R. Co.,* 109 Wash. 471, 186 Pac. 849; *Diblasio v. Hunter,* 124 Wash. 98, 213 Pac. 470; *Shockey v. Royal Baking Powder Mfg. Co.,* 138 Wash. 223, 244 Pac. 549; *Murphy v. Schwartz,* 142 Wash. 69, 252 Pac. 152.

The act, however, provides that, if the injury to the workman occurs away from the plant of his employer, and is due to the negligence or wrong of another not in the same employ, he may elect whether to take under the act or seek a remedy against such other. (Rem. Comp. Stat., § 7675) [P. C. § 3470]. In this instance, the injury was caused by the negligence or wrong of another, not in the same employ with the respondent, and the question for determination narrows down to the inquiry, did the injury occur at the plant of the employer.

It is our opinion that the injury did not so occur. It is true, that we have held that a city street may, in certain instances, become the plant of the city as an employer (see the cases of *Zenor v. Spokane & Inland Empire R. Co., Diblasio v. Hunter,* and *Shockey v. Royal Baking Powder Mfg. Co.,* above cited), but it has been in instances where the work occurred at a particular place in the street, over which the city had control and at which it had power to protect the workman against injury by closing the street for the time being. But it is a doctrine we do not desire to extend, and it would be an extension of it to hold that a workman, employed to work on the city's streets, was at the plant of his employer while traveling over the streets to or from his place of employment.

The judgment is affirmed.

MACKINTOSH, C. J., ASKREN, MAIN, and HOLCOMB, JJ., concur.