### TEXAS EMPLOYERS INS. ASS'N v. ANDREWS et al.

### No. 3231.

Court of Civil Appeals of Texas. El Paso. June 6, 1935.

Rehearing Denied June 27, 1935.

Ben A. Harper and Ramey, Calhoun & Marsh, all of Tyler, and Lawther, Cox & Cramer, Wm. M. Cramer, and Shelby S. Cox, all of Dallas, for appellant.

Storey, Sanders & Sherrill, of Dallas, for appellees.

HIGGINS, Justice.

This is a suit under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq., as amended [Vernon's Ann. Civ. St. art. 8306 et seq.]), resulting in judgment in favor of the appellee awarding compensation for the death of her daughter, Miss Lucy Lee Andrews. The facts are agreed. But one question is presented by the appeal. It will be necessary to state only the facts material to the question raised.

On the 9th of May, 1934, Miss Andrews was a regular employee of the Wadel-Connally Hardware Company, in Tyler, Tex., and had been so employed for more than a year next preceding her death. On the date of her death and at the time of injuries causing same, she was engaged on a regular working day, and in regular working hours, in her work as a stenographer for said company on its premises in Tyler, and at such time was regularly engaged in such work in the office of the company, provided for her in connection with her work as stenographer.

Miss Andrews and W. A. Pope on said date were instantly killed as a result of the explosion of a boiler located in the cleaning and pressing establishment of C. N. Jones. The boiler had been installed in the Jones plant about April 4, 1931, and was situated near the west wall of the Jones plant. The Wadel-Connally building was situated immediately west of the Jones plant and across a twelve-foot alley.

"As a result of said explosion, the boiler was carried in a westerly direction, through the twelve inch brick wall of the Jones plant, across the twelve foot alley, through the eight inch east wall of the Wadel-Connally building shown on the plats, and to a point near the west wall of the Wadel-Connally building. At the time of the explosion, said Lucy Lee Andrews and said W. A. Pope were each seated at a desk in the office of the Wadel-Connally Hardware Company, as shown on Exhibit No. 2.

"It is further agreed that the Wadel-Connally Hardware Company was engaged in the hardware and automobile accessory business, and that C. N. Jones was engaged in the cleaning and pressing business, and that the operation of the two businesses were separate and distinct, and under different ownership and management. The Wadel-Connally Hardware Company building was constructed on or about the first day of June, A. D. 1932. * * *

"It is further agreed that said Lucy Lee Andrews was killed as aforesaid by the boiler's explosion, and striking her."

Other agreed facts show the explosion of the boiler was due to excessive steam pressure, weakened condition of boiler, and failure of safety appliances to function.

Article 8309, R. S. provides that the term "injury sustained in the course of employment," as used in the law, "shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

Appellant admits the deceased was an employee under the terms of the Workmen's Compensation Law, and that she was killed upon her employer's premises while she was engaged in and about the furtherance of the affairs and business of her employer, but it is contended the injuries of the deceased resulted from a risk or hazard which was not necessarily or ordinarily or reasonably inherent in or incident to the conduct of the employer's business or work, and therefore the injuries were not sustained in the course of employment.

## Opinion.

It would be difficult to give a definition of the phrase "injury sustained in the course of employment" which would definitely include all cases within the act, and with definite precision exclude those without its terms. Cases occasionally arise upon facts which render it difficult to determine whether the injury was sustained in the course of the injured person's employment. In these border line cases the proper decision in each case is in large measure controlled by its own peculiar facts. The authorities cited in the briefs illustrate the difficulty of decision in cases of such character. In some of them the injury was held compensable; in others denied. A review of these cases would be of little value for the ruling in each of them was controlled by its own peculiar facts.

A steam boiler in operation is an inherently dangerous instrumentality. Its explosive force is tremendous, and at times appalling in its dangerous and destructive character. It is a potential source of danger to all persons in its immediate vicinity. In the discharge of her duties as an employee of Wadel-Connally Hardware Company the deceased was required to work in close proximity to the boiler. The fact that she was in a measure protected from injury by the boiler exploding because of the intervening walls and alley is unimportant. Such protection was ineffective. The important fact is that it was necessary for her to work in a place where she was exposed to danger of the boiler exploding and inflicting injury upon her as it in fact did. Under such circumstances, the deceased was exposed to a risk or hazard of injury by the boiler exploding which was reasonably incident to the conduct of her employer's business or work. Therefore her injury had to do with and originated in the work or business of her employer, and was sustained in the course of her employment. As such, the claim is compensable under the act. This conclusion finds support in the following cases: Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Petroleum Casualty Company v. Green (Tex. Civ. App.) 11 S.W. (2d) 388; Federal Surety Company v. Ragle (Tex. Com. App.) 40 S.W.(2d) 63; Maryland Casualty Company v. Smith (Tex. Civ. App.) 40 S.W.(2d) 913; Texas Employers' Insurance Association v. Harbuck (Tex. Civ. App.) 73 S.W.(2d) 113; Southern Surety Co. v. Stubbs (Tex. Civ. App.) 199 S. W. 343; Thom v. Sinclair (House of Lords) [1917] A. C. 127, Ann. Cas. 1917D, 188; Martin v. Livibond, 2 K. B. 227; Keenan v. Flemmington Coal Co., 40 Scottish Law Rep. 144; Anderson & Co. v. Adamson, Scotch Court of Sessions, 6 B. W. C. C. 874; Kimbol v. Industrial Accident Commission, 173 Cal. 351, 160 P. 150, L. R. A. 1917B, 595, Ann. Cas. 1917E, 312; State ex rel. People's Coal & Ice Co. v. District Court, 129 Minn. 502, 153 N. W. 119, L. R. A. 1916A, 344; Diblasio v. Hunter, 124 Wash. 98, 213 P. 470; Industrial Commission of Colorado v. Pueblo Auto Company, 71 Colo. 424, 207 P. 479, 23 A. L. R. 348; Louis Katz v. A. Kadans & Co., 232 N. Y. 420, 134 N. E. 330, 23 A. L. R. 401; Cain v. United Breeders' Company, 224 N. Y. 569, 120 N. E. 858.

The judgment is affirmed.