CLARK, Respondent, *v.* OLSON, Appellant.

(No. 7,174.)

(Submitted November 29, 1933. Decided January 19, 1934. Resubmitted March 1, 1934. Decided March 29, 1934.)

[31 Pac. (2d) 283.]

*Mr. M. J. Lamb,* for Appellant, submitted a brief and argued the cause orally.

*Mr. H. C. Crippen* and *Mr. H. C. Crippen, Jr.,* for Respondent, submitted a brief; the former argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In this case we delivered an opinion on January 19, 1934, reversing the judgment of the trial court and directing a dismissal of the action. Within time the plaintiff filed a motion for rehearing, to which each side filed an elaborate brief. Not being fully satisfied that we had reached the correct result, we granted a rehearing, and have been favored with further briefs and oral arguments. Now, having given the case further consideration, we are satisfied that our original conclusion was correct. After all, the case is one of statutory construction, and it is the statutes of our own and not those of any other state which we must construe.

The facts are that the plaintiff, an employee of the city of Billings, while at work about 3 o'clock in the morning of September 13, 1932, in the ordinary course of his duty as a street cleaner, was run over and seriously injured by an automobile operated by the defendant. Asserting that the injuries arose out of and in the course of his employment, he gave the city notice of his injuries, and claimed compensation under the provisions of the Workmen's Compensation Act (Rev. Codes 1921, sec. 2816 et seq.). In presenting his claim to the Indus-

trial Accident Board, plaintiff stated that his disability resulted from an accidental injury received on the thirteenth day of September, 1932, in the course of and arising out of his employment by the city of Billings, but in presenting the claim he did so with the "specific and distinct understanding" that he did "not waive any claim or the right to assert and maintain a claim" against the defendant for the injuries she had inflicted upon him "and for adequate damages because of the same," including the right to bring suit against her.

Plaintiff's claim was allowed by the Industrial Accident Board, and he was awarded compensation at the rate of $18 per week from the date of the accident. Thereafter he brought this suit, alleging in his complaint that he was injured in the performance of his work as an employee of the city by being knocked down and run over by an automobile driven by the defendant in a careless, negligent, and reckless manner.

The defendant admitted the accident and resultant injuries, except as to the extent claimed, and set forth as a separate defense that the plaintiff, being a city employee, was under the Workmen's Compensation Act, and that he had been awarded compensation by the Industrial Accident Board.

After the pleadings were made up, the defendant moved for judgment in her favor thereupon. The motion was denied. Eventually the case came on for trial before a jury. Plaintiff offered evidence tending to sustain the material allegations of his complaint, including a certified copy of his claim to the Industrial Accident Board. When plaintiff rested, the defendant moved for a nonsuit on the ground that the plaintiff has no cause of action against her because of the fact that "any and all of such rights of action, if any formerly existed, have been taken away by the Workmen's Compensation Law," and therefore the plaintiff has no right of action, nor any cause of action against the defendant. The motion was denied. The defendant did not offer any testimony, but moved for a directed verdict, for the reasons stated in her motion for a nonsuit, which the court likewise denied. The jury found

for plaintiff and from a judgment entered in conformity with the verdict, the defendant has appealed.

The determinative question is: Has the plaintiff, who at the time of the accident was an employee of the city, and therefore protected by the Workmen's Compensation Act, the right to maintain an action against the defendant, a tort-feasor not subject to the provisions of the Act?

This court repeatedly has taken occasion to comment upon the reasons which brought forth the Workmen's Compensation Law, the object sought to be attained thereby, and its operation in practice. (*Cunningham* v. *Northwestern Improvement Co.*, 44 Mont. 180, 119 Pac. 554; *Lewis & Clark County* v. *Industrial Accident Board*, 52 Mont. 6, 155 Pac. 268, L. R. A. 1916D, 628; 6 R. C. L. 1916, 628; *Shea* v. *North-Butte Min. Co.*, 55 Mont. 522, 179 Pac. 499, 503; *Dosen* v. *East Butte Copper Min. Co.*, 78 Mont. 579, 254 Pac. 880, 886; *Edwards* v. *Butte & Superior Min. Co.*, 83 Mont. 122, 270 Pac. 634; *Betor* v. *National Biscuit Co.*, 85 Mont. 481, 280 Pac. 641; *State ex rel. Loney* v. *Industrial Accident Board*, 87 Mont. 191, 286 Pac. 408; *Kerns* v. *Anaconda Copper Min. Co.*, 87 Mont. 546, 289 Pac. 563; *Murray Hospital* v. *Angrove*, 92 Mont. 101, 10 Pac. (2d) 577; *Moffett* v. *Bozeman Canning Co.*, 95 Mont. 347, 26 Pac. (2d) 973.)

As was said in *Dosen* v. *East Butte Copper Min. Co.*, supra, it has been the constant endeavor of this court, in obedience to the statutory direction, and also in view "of the rationale of the legislation, to interpret the provisions of the Act liberally with a view to accomplish the result intended." The theory of the Act is that the loss suffered by the injury shall not be borne by the employee alone except as he may be compensated by a suit at law, and the inadequacy of that remedy has been denounced in vigorous language. (*Cunningham* v. *Northwestern Improvement Co.*, supra; *Lewis & Clark County* v. *Industrial Accident Board*, supra.) Nor shall he become a charge upon the public generally (*Shea* v. *North-Butte Min. Co.*, supra; *State ex rel. Loney* v. *Industrial Accident Board*, supra), that is, an object of public charity; rather, he shall

"commensurate in some degree to the disability suffered," be compensated by the industry and indirectly by the public. The idea is that the industry which bears the expense of its mechanical wreckage shall also care for its human wreckage. Thus it is required that the industry proceed with justice and humanity. (*Moffett* v. *Bozeman Canning Co.*, supra.)

"At this late day," said this court in *Shea* v. *North-Butte Min. Co.*, supra, "it cannot be controverted that the remedies recognized by the common law in this class of cases, together with all rights of action to arise in future, may be altered or abolished to the extent of destroying actions for injuries or death arising from negligent accident, so long as there is no impairment of rights already accrued." (And see *Northern Pacific Ry. Co.* v. *Messe*, 239 U. S. 614, 36 Sup. Ct. 223, 60 L. Ed. 467.)

At first blush the query may arise, Why should the right to sue an independent tort-feasor be taken from the employee? Whatever the answer may be, the fact is that the legislative assembly had the power to take away the right (unless already accrued), if it saw fit to do so. Other reasons aside, there are two which may have influenced the law-making body in enacting this feature of the law: (a) That it desired to relieve the employee of the necessity of maintaining a suit at law, and to give him instead quick and sure relief through an administrative board without expense to him; and (b) that it desired to give the assurance of definite financial relief, akin to insurance, which affords better and surer protection than the hazards of a lawsuit; this assurance itself being a compensation for the loss of the right to sue.

The spirit of the law is that an employee is to be guaranteed compensation for all injuries incident to the particular employment received in the course of the employment. To illustrate: An employee in his regular employment may be injured by an independent agency having no connection with the employer or his business. That appears to be the case here. The wrongdoer in such case may be financially responsible, and yet he may not be—in most cases he is not. In either case the em-

ployee receives compensation from the agency set up by the state. If it were otherwise, the employee, unable to obtain any recompense from the irresponsible tort-feasor, would be left without compensation for his injury. That situation can no longer exist under the Compensation Act. Here the city was operating under the Act. What are the perils incident to the occupation of a street sweeper? Certainly those perils must include and contemplate the dangers to which the employee is naturally subjected in the course of his work. The peril of being run over and injured by an automobile certainly is one of the likely dangers of that employment. So far, there is no doubt that the Compensation Act is a boon to the employee in particular and to society in general. The real purpose of the Compensation Act, whether it be called a Compensation Act or an Employers' Insurance Act (*Black* v. *Northern Pac. Ry. Co.*, 66 Mont. 538, 214 Pac. 82), was, not that one employee should receive an exorbitant or liberal sum and another an inadequate amount, but that all employees should receive a fair measure of compensation. Whether the legislative assembly shall permit double compensation to the employee—the payments allowed by the Compensation Act and also the right to sue a tort-feasor—is a matter of legislative control. (See authorities, post.)

It is conceded that the city, the employer, and the plaintiff, the employee, were bound by the terms of the Act when the accident occurred (sec. 2840, Rev. Codes 1921), and that plaintiff, under the provisions of section 2838, has no cause of action against the city. That section provides that, where the employer and employee have elected to come under the provisions of the Act, the employer shall not be subject to any other liability whatsoever for the death of or personal injury to any employee except as in this Act provided; "and, except as specifically provided in this Act, all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee are hereby abolished."

Section 2839 declares: "Where both the employer and employee have elected to come under this Act, the provisions of this Act shall be exclusive, and such election shall be held to be a surrender by such employer and such employee of their right to any other method, form, or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity, or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter specifically granted; and such election shall bind the employee himself, and in case of death shall bind his personal representative and all persons having any right or claim to compensation for his injury or death, as well as the employer, and those conducting his business during liquidation, bankruptcy, or insolvency."

Counsel for plaintiff argue that sections 2838 and 2839 do not bar plaintiff's action against the defendant, for, they say, those sections apply only to causes of action arising between employer and employee and have no reference to an action by the injured employee due to the negligence or wrong of another not in the same employ; and they undertake to show that this court should not consider itself bound by its former decisions. (*Bruce* v. *McAdoo,* 65 Mont. 275, 211 Pac. 772, and *Black* v. *Northern Pacific R. Co.,* supra.)

In order to comprehend the full purport of the Bruce and Black decisions, it is necessary to take into consideration section 2863, Revised Codes 1921, as it existed when those cases were decided. That section then read as follows:

" 'Employee' and 'workman' are used synonymously, and means every person in this state, including a contractor other than 'an independent contractor,' who, after July 1, 1915, is engaged in the employment of an employer carrying on or conducting any of the industries classified in sections 2847 to 2852, inclusive, of this Code, whether by way of manual labor or otherwise, or whether upon the premises or at the plant of such employer, or who is engaged in the course of his em-

ployment away from the plant of his employer; provided, however,

"1. If the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, or, if death results from such injury, beneficiaries or dependents, as the case may be, shall elect whether to take under this Act or seek a remedy against such others; such election shall be made in advance of the commencement of the action.

"2. If he take under this Act, the cause of action against such other shall be assigned to the state for the benefit of the industrial accident fund, or the employer or insurer, as the case may be.

"3. Any such cause of action assigned to the state may be prosecuted or compromised by the board, in its discretion.

"4. If such workman, his beneficiaries, or dependents, as the case may be, shall elect to proceed against the person responsible for the injury, such election shall constitute a waiver of any right to compensation under the provisions of this Act."

Sections 2838, 2839 and 2863 were companion sections, enacted as a part of Chapter 96 of the Session Laws of 1915, and necessarily were considered together. The clauses "and, except as specifically provided in this Act" in section 2838, and "except as such rights may be hereinafter specifically granted" in section 2839, refer to section 2863 and to subdivisions 1, 2, 3 and 4 thereof. Thus the law-making body did not overlook the contingency, certain to be met, of an employee receiving an injury while in the course of his employment, by the negligence of a third person not connected with the industry.

The question whether these sections were exclusive only as between the employer and the employee was decided adversely to plaintiff's contention in the *Bruce* and *Black Cases*. In both the court had in mind the purpose of the legislative assembly to substitute the enlightened system of compensation for injuries sustained by a workman, instead of relegating him to the litigious and too often ineffectual remedy provided by the common law.

In the *Bruce Case* the court, speaking through Mr. Justice Galen, after setting forth and analyzing the statutes, and after a review of the authorities, especially those of the state of Washington (with the observation that the statutes of Washington, Oregon, and Montana were practically identical upon the point then under consideration), held that the provisions of our Compensation Act were exclusive of any other remedy —"all other remedies being abolished"—except where the injury was caused by the negligence of a third person away from the plant of the employer, in which case alone the employee or his beneficiaries in case of death were given the right of election whether to take under the Act or to seek damages from the third person. The court relied upon *Peet* v. *Mills*, 76 Wash. 437, 136 Pac. 685, L. R. A. 1916A, 358, Ann. Cas. 1916D, 154, and other Washington cases, and upon *Meese* v. *Northern Pac. Ry. Co.*, (D. C.) 206 Fed. 222, where the federal district court followed *Peet* v. *Mills,* but was reversed by the circuit court of appeals (211 Fed. 254), which in turn was reversed by the Supreme Court of the United States (239 U. S. 614, 36 Sup. Ct. 223, 60 L. Ed. 467), which held that the federal district court was right in following *Peet* v. *Mills,* observing that the purpose of the Act of 1911 (Chap. 74), the Washington Act under consideration, "was not merely to end controversies between employers and employees in respect of injuries to the latter, but to end all suits at law for the injury or death of employees while engaged in certain occupations, no matter by whom injured or killed, with certain exceptions not here important." Later the court quoted with approval this language from *Peet* v. *Mills*: "For these reasons we are of the opinion that the compensation provided by the Act in case of injury to any workman in any hazardous occupation was intended to be exclusive of every other remedy, and that all causes of action theretofore existing, except as they are saved by the provisos of the Act, are done away with." (*Northern Pac. R. Co.* v. *Meese,* 239 U. S. 614, 36 Sup. Ct. 223, 224, 60 L. Ed. 467.)

The question came before this court again in the *Black Case* in which a reconsideration thereof was urged upon the theory

that the *Bruce Case* was decided upon the authority of cases which arose under the Washington Compensation Act, which counsel argued is different from ours. It was urged that our statute does not contain the following declaration found in the Washington statute (Laws 1911, p. 356, sec. 5) : "And, except as in this Act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever." In answering this contention, Mr. Justice Holloway, speaking for the court, said: " 'Where both the employer and employee have elected to come under this Act, the provisions of this Act shall be exclusive, and such election shall be held to be a surrender by such employer and such employee of their rights to any other method, form or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity, or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter specifically granted.' It is difficult to conceive of language more comprehensive. If the employer and employee come under the Act, the provisions of the Act are exclusive. The single exception noted applies only where the injury occurs away from the plant or the employer (sec. 2863, above). By coming under the Act, the employee surrenders the right to any other method of obtaining redress for his injuries received at the plant of his employer, and since this plaintiff and his employer, the Equity Coal Company, were operating under our Act, and plaintiff's injuries were received at the plant of his employer, it follows that he was bound to seek redress under the Compensation Act, and may not maintain this action. It would be idle to reiterate the reasons which compel this conclusion. They are stated concisely in the opinion in the *Bruce Case,* and from the logic of that decision we think there cannot be an escape."

With the interpretation given by this court to sections 2838, 2839 and 2863 the legislative assembly was fully aware, and

yet it did nothing to change its policy in that respect. On the contrary, in 1925 it amended section 2863 with respect to the definitions of "employer" and "employee," but repealed subdivisions 1 to 4, inclusive (Chap. 121, sec. 3, Laws 1925, pp. 205, 206), taking away from the employee the rights preserved to him by the provisos contained in sections 2838 and 2839. Thus the legislative assembly did away with the provision that, where the injury had occurred at the hands of a third person away from the plant of the employer, the employee might seek compensation under the terms of the Act, or pursue his remedy against the third person.

The supreme court of Washington has consistently adhered to the doctrine enunciated in *Peet* v. *Mills,* supra. In *Diblasio* v. *Hunter,* 124 Wash. 98, 213 Pac. 470, a city employee while working on a street was struck by a passing automobile. The court held, quoting from the syllabus: "An employee of a street railway system owned by the city was not working 'away from the plant,' while engaged in repairing the track on the city street, and could not maintain an action against an automobilist who ran him down, his remedy being solely against the industrial fund provided by the Workmen's Compensation Act."

In *Murphy* v. *Schwartz,* 142 Wash. 69, 252 Pac. 152, the court held to the same effect. And see *Shockey* v. *Royal Baking Powder Mfg. Co.,* 138 Wash. 223, 244 Pac. 549. Both these cases were brought by city employees struck by automobiles.

In *Robinson* v. *McHugh,* 158 Wash. 157, 291 Pac. 330, 332, the plaintiff was engaged in the performance of his duties as a lamp trimmer. A machine operated by the defendants struck the light post and ladder, causing serious injuries to the plaintiff, and he brought suit against them. In holding that the plaintiff had no cause of action for damages the court said: "From the beginning this court has construed the Act as meaning what it says: i. e., that the common-law right of action for damages accruing from an injury received by a workman

in the course of his employment is abolished, except as in the Act otherwise provided." The words "except as in the Act otherwise provided" had reference to a statutory provision similar to that contained in our section 2863˘ before amendment, which enabled an injured employee to sue a wrongdoer when the injury occurred away from the plant of his employer, or to take under the Compensation Law, but he could not do both.

The *Bruce* and *Black Cases* have been cited by courts in other jurisdictions, but never with any adverse comment so far as we are advised. In a recent case by the supreme court of Oregon, *King* v. *Union Oil Co. of California*, 144 Or. 655, 24 Pac. (2d) 345, 348, the court said, commenting upon the Oregon Act: "From this it is clear that the statute makes a distinction between injuries occurring at the plant and those occurring away from the plant, and that the right to make such election is not given by the statute unless the injury occurred away from the plant of his employer and was due to the negligence or wrong of another not in the same employ. The same distinction is made in the statutes of the state of Washington and the statutes of the state of Montana as shown in *Meese* v. *Northern Pac. R. Co.*, (D. C.) 206 Fed. 222, which was affirmed by the Supreme Court of the United States in 239 U. S. 614, 36 Sup. Ct. 223, 60 L. Ed. 467, and in *Bruce* v. *McAdoo*, 65 Mont. 275, 211 Pac. 772. In these two cases, it was held that, if the injuries are due to the negligence or wrong of a third party and occur at the plant of the employer, the right to elect to sue such third party does not exist under the Act."

In *Bristol Telephone Co.* v. *Weaver*, 146 Tenn. 511, 243 S. W. 299, 301, the court said: "A statute declaring that 'all phases of the premises are withdrawn from private controversy' and that relief is provided 'to the exclusion of every other remedy, proceeding or compensation' abrogates any right of action as against third persons, except as within a proviso saving such rights of action where the injury occurs away from the plant of the employer."

Plaintiff has cited many cases holding that, where an employer and an employee accept the provisions of the Workmen's Compensation Act, the employee does not thereby lose his right of action against a third person who, as a tort-feasor, has caused his injury. But in every one it appears that the statutes considered were different from ours. In fact, the Compensation Acts in nearly all of the other states either grant the right of election to the employee or do not abolish the common-law remedy. Hence cases from other jurisdictions, excepting Washington and Oregon, because of the difference in their statutory law, are not even of persuasive force here. We must decide this case upon our own statutes.

In passing, it may not be inapt to say that a number of cases hold that, where the employee has the right to elect whether he will take under the provisions of the Workmen's Compensation Act or sue the wrongdoer, he may choose either remedy but cannot avail himself of both. Typical are *McDonough* v. *National Hospital Assn.*, 134 Or. 451, 294 Pac. 351; *King* v. *Union Oil Co.*, supra; *Phifer* v. *Berry*, 202 N. C. 388, 163 S. E. 119; *Marion County Construction Co.* v. *Kimberlin*, (Ind. App.) 184 N. E. 574; *Napier* v. *John P. Gorman Coal Co.*, 242 Ky. 127, 45 S. W. (2d) 1064. And a number hold that the employee having received compensation under the Act cannot then sue the wrongdoer. (See *Matheny* v. *Edwards Ice M. & S. Co.*, (C. C. A.) 39 Fed. (2d) 70; *Workmen's Comp. Exch.* v. *Chicago, M., St. P. & P. R. Co.*, (D. C.) 45 Fed. (2d) 885; *Horsman* v. *Richmond, F. & P. R. Co.*, 155 Va. 934, 157 S. E. 158; *Nashville* v. *Latham*, 160 Tenn. 581, 28 S. W. (2d) 46. See, generally, notes in 27 A. L. R. 497, 37 A. L. R. 840, 67 A. L. R. 254, 88 A. L. R. 667 et seq.)

Sections 2838 and 2839 are plain and unequivocal. The intention of any legislation must be inferred in the first place from the plain meaning of the words used. If this intention can be so arrived at, the courts may not go further and apply other means of interpretation. (*State* v. *Cudahy Packing Co.*, 33 Mont. 179, 82 Pac. 833, 144 Am. St. Rep. 804, 8 Ann.

Cas. 717; *State ex rel. Rankin* v. *Wibaux County Bank,* 85 Mont. 532, 281 Pac. 341; *Great Northern Utilities Co.* v. *Public Service Commission,* 88 Mont. 180, 293 Pac. 294.) "If the legislature did not intend that the courts should accept and act upon this statute as it is written, then the legislature, and not the courts, should amend the Act and make it clearly express the legislative will." (*Johnson* v. *Butte & Superior Copper Co.,* 41 Mont. 158, 108 Pac. 1057, 1061, 48 L. R. A. (n. s.) 938.) In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. (Sec. 10519, Rev. Codes 1921.) "'Our duty is not to enact, but to expound, the law, not to legislate, but to construe legislation; to apply the law as we find it, to maintain its integrity as it has been written by a co-ordinate branch of the state government.' (*Cooke* v. *Holland Furnace Co.,* 200 Mich. 192, 166 N. W. 1013, L. R. A. 1918E, 552.)" (*Chmielewska* v. *Butte & Superior Min. Co.,* 81 Mont. 36, 261 Pac. 616, 617.)

In *Taylor* v. *Fidelity & Casualty Co.,* 246 Ky. 598, 55 S. W. (2d) 410, 413, the court said: "The conclusion might appear to be harsh, but courts are not responsible for conditions brought about by statutory enactments. Their duty ceases when the task of construction is performed and when it is found that the statute transgresses no inhibition of the Constitution. Neither are courts authorized to inject into a statute a provision, or part of another independent one, upon the theory that there is no substantial reason for its omission from the statute under consideration, since they are not authorized to amend a statute to conform to what may be concluded as a better reason for its enactment, nor to supply a reason when the legislature enacting it has not done so."

We see no reason to recede from the doctrine announced in the *Bruce* and *Black Cases;* our statute considered, we are constrained to follow it in this case.

No good reason appears why an employee should not be accorded the right to maintain an action against a tort-feasor not subject to the provisions of the Act, preserving to the employer the right of subrogation to a portion of the compensation received from the third party. The twenty-third Legislative Assembly took this view. By Act approved March 14, 1933', it amended section 2839, Revised Codes 1921, in material particulars, one of which was that, "Where both the employer and employee have elected to come under this Act, the provisions of this Act shall be exclusive, and such election shall be held to be a surrender by such employer and such employee, as between themselves, of their right to any other method, form or kind of compensation, or determination thereof," and giving the employee, where injury is caused by the act or omission of another than the employer, a right of action against such third person, providing for the employer's right of subrogation to a portion of the compensation, and so forth. (Chapter 138, sec. 1, Laws 1933, p. 283.)

It is clear that, when the legislative assembly thus amended the section, it was of the opinion that an employee working under the terms of the Compensation Act did not have any right to proceed against a third person for an injury done in the course of the employee's employment, and acted affirmatively to give the employee such right. But Chapter 138, supra, did not come soon enough to aid the plaintiff.

This case must be decided upon the law as it was when the accident occurred.

The opinion promulgated January 19, 1934, is withdrawn from the files. The judgment is reversed and the cause remanded to the district court of Yellowstone county, with directions to dismiss the action. Remittitur forthwith.

Associate Justices Matthews, Stewart and Anderson concur.

Mr. Justice Angstman, Dissenting: In my opinion, our Workmen's Compensation Act was designed simply to fix the

rights and remedies of an injured employee as against his employer, and not as against negligent third persons. I think the cases of *Bruce* v. *McAdoo,* 65 Mont. 275, 211 Pac. 772, and *Black* v. *Northern Pac. Ry. Co.,* 66 Mont. 538, 214 Pac. 82, are erroneous and should be expressly overruled. They are based upon cases from the state of Washington. The Washington statute is essentially different from ours. It expressly deals with the rights of action against third persons. The Washington Act (Laws 1911, p. 356, sec. 5) contains this clause: "And, except as in this Act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever." The circuit court of appeals declined even to interpret the Washington statute as precluding an action against a third person. (*Meese* v. *Northern Pacific Ry. Co.,* 211 Fed. 254.) The United States Supreme Court overruled the circuit court of appeals only because it was bound to follow the interpretation of the statute as made by the supreme court of Washington. (*Northern Pac. Ry. Co.* v. *Meese,* 239 U. S. 614, 36 Sup. Ct. 223, 60 L. Ed. 467.) In any event, our statute contains no such language as does the Washington statute. Nowhere either in the body of our Act or in the title, is there any intimation that it had or has anything to do with the liability of a negligent third person to an injured employee, when such third person is not a fellow-servant of the injured employee.

Sections 2838 and 2839, Revised Codes 1921, are relied upon as abolishing all causes of action against negligent third persons. Section 2838 provides: "Any employer who elects to pay compensation as provided in this Act shall not be subject to the provisions of section 2836, nor shall such employer be subject to any other liability whatsoever for the death of or personal injury to any employee except as in this Act provided; and, except as specifically provided in this Act, all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee are hereby abolished; provided,

that section 2836 shall not apply to actions brought by an employee who has elected not to come under this Act, or by his representatives, for damages for personal injuries or death, against an employer who has elected to come under this Act."

Section 2839 is as follows: "Where both the employer and employee have elected to come under this Act, the provisions of this Act shall be exclusive, and such election shall be held to be a surrender by such employer and such employee of their right to any other method, form, or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity, or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter specifically granted; and such election shall bind the employee himself, and in case of death shall bind his personal representative and all persons having any right or claim to compensation for his injury or death, as well as the employer, and those conducting his business during liquidation, bankruptcy, or insolvency."

In the *Bruce Case* this court said: "The only exception contained in the statute thereafter 'specifically granted' is in instances where the workman is injured 'away from the plant of his employer due to the negligence or wrong of another not in the same employ,' in which instance the injured employee or his beneficiaries or dependents are given the right of election to take compensation under the Act or to seek a remedy against the third person to whose negligence is ascribed the injury or death of the employee, which election must be made in advance of the commencement of any action." (Sec. 6 (2), subd. 1; now sec. 2863, Rev. Codes 1921.)

It is my opinion that the court was in error in holding that the exception referred to in sections 2838 and 2839 had reference to section 2863. It is my view that the exception had to do with sections 3003 and 3004. Section 3003 provides: "For any injury happening to any of his workmen during

default in any payment to the industrial accident fund, the defaulting employer as to such injury shall be considered as having elected not to come under the provisions of this Act, except that he shall be and remain liable to pay to the industrial accident fund the amount of such default, together with the penalty prescribed by section 2996.'' Section 3004 provides: ''The person entitled to sue under the provisions of the preceding section shall have the option of proceeding by suit or taking under this Act. If such person take under this Act, the cause of action against the employer shall be assigned to the state for the benefit of the industrial accident fund. If such person shall elect to proceed against the defaulting employer, such election shall constitute a waiver of any right to compensation under the provisions of this Act.''

I think neither the exceptions under sections 2838 and 2839 nor any other of the provisions of those sections have to do with a cause of action against negligent third persons.

In my opinion, section 2863 does not purport to grant a right of action against a negligent third person, otherwise taken away by sections 2838 and 2839. It simply recognizes the existence of a right of action against negligent third persons in all cases, and, in case the injury occurs away from the plant of the employer, requires the employee to make an election of remedies. It is absurd to suppose that the legislature intended to grant to an employee injured away from the plant of an employer greater rights and privileges than to one injured on his plant. Is there any conceivable reason why a person injured on the plant of his employer by a negligent third person should not have the same right to sue the third person as an employee who is injured off the plant? It seems to me that such unwarranted discrimination between an employee injured on the plant of the employer, and one injured off the plant, should not be imputed to the legislature. Such a construction of the statute would result in this situation: A and B are both in the employ of C. All have elected to be governed by the Workmen's Compensation Act. A was working on the plant of C. B, three feet removed from A, was off

the plant. Both A and B are injured—totally disabled—in the same manner and at the same time by the negligence of D, who is a stranger to the Workmen's Compensation Act. Under the construction of these statutes as made in the *Bruce* and *Black Cases,* A's exclusive remedy is to receive the compensation provided for against his employer. This compensation falls short of making him whole financially. He must lose one-half of his wages. He receives nothing for pain and suffering or for physical impairment. If the disability is permanent, he is nevertheless paid one-half his wages only for 300 weeks, as the law was originally enacted. (Sec. 16, Chap. 96, Laws 1915.)

B, who happened to be off the plant of his employer when injured, may, if he so elects, sue D and recover full compensation for the damage sustained by him. This interpretation denies to A the equal protection of the law. I realize that it is competent for the legislature to make classifications when there is some reasonable basis therefor, precluding the idea that the classification is arbitrary. But I can see no reasonable basis for such hostile discrimination.

This question seems to have been suggested to the Supreme Court of the United States in the case of *Northern Pac. Ry. Co.* v. *Meese,* 239 U. S. 614, 36 Sup. Ct. 223, 224, 60 L. Ed. 467, cited above. The court in that case, speaking through Mr. Justice McReynolds, disposed of the question in four lines in the opinion, reading: "Respondents' suggestion that the construction of the Act adopted by the trial court would cause it to conflict with the equal protection clause of the 14th Amendment is without merit." I am not convinced that the supreme court gave the question the consideration its importance demands. I am unable to conceive of any reason upon which such a classification can be sustained. In any event, a construction resulting in such hostile discrimination should not be adopted unless plainly compelled. I think the legislature never intended to make such an arbitrary classification. Rather, all that the legislature intended was that, as to an employee injured on the plant of the employer by a

negligent third person, he need not make an election—he may recover compensation from his employer and may also sue the negligent third person—while, as to the employee injured off the premises, an election must be made. In other words, there is some reason for giving the employee injured on the plant of his employer an advantage over the employee injured off the plant. So far as the employer is concerned, he has control over his own premises and is "at least theoretically responsible for accidents occurring thereon" (*Bruce* v. *McAdoo, supra*), and therefore as to such an employee the legislature did not deem it necessary that the employer have the benefit of the cause of action against the third person assigned to him, as in the case of an employee injured off the premises of the employer, as provided in section 2863.

It is my view, therefore, that, when the legislature amended section 2863 by Chapter 121 of the Laws of 1925, it left all employees in the same situation and permitted them to seek compensation against the employer as well as to seek recovery against a negligent third person.

Other courts, under statutes substantially the same as our sections 2838 and 2839, have held that they abolish only causes of action against the employer, and do not affect rights of action against negligent third persons. In the case of *Hotel Equipment Co.* v. *Liddell*, 32 Ga. App. 590, 124 S. E. 92, 94, the statute under consideration was section 12 of their Act (Laws 1920, p. 167), reading as follows: "That the rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise on account of such injury, loss of service or death." The court, in speaking of it, said: "Section 12 does not by express language take away the right of an employee to sue the wrongdoer. Its terms can only mean that he and his employer are subject to the Act and that he shall have no other remedy

against his employer. Third persons are not concerned. An outsider does not share the burdens of the Act imposed upon the employer, and he is entitled to none of its benefits. It was never the purpose of this statute to place exclusive liability upon the master for injuries to his employees, arising out of and in the course of the employment, and thus to grant immunity and license to others who were responsible for the injuries.'' This holding was adhered to by the supreme court of Georgia in *Athens Ry. & Elec. Co.* v. *Kinney,* 160 Ga. 1, 127 S. E. 290. In the note in 19 A. L. R. 766, it is said: ''The Compensation Act, according to the weight of authority, does not take away the remedy of the employee, at common law or under another statute, against the third person.''

In *O'Brien* v. *Chicago City R. Co.,* 305 Ill. 244, 137 N. E. 214, 216, 27 A. L. R. 479, there was involved a statute much like our sections 2838 and 2839. Section 6 of the Illinois statute (Hurd's Rev. Stats. Ill. 1921, Chap. 48, sec. 131) provided: ''No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who is covered by the provisions of this Act, to anyone wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.'' Section 11 of the Act (Hurd's Rev. Stats. Ill. 1921, Chap. 48, sec. 136) declared that the compensation provided for shall be the measure of the responsibility which the employer has assumed for injuries or death to employees. In that case there was also involved a statute, section 29 (Hurd's Rev. Stats. Ill. 1921, Chap. 48, sec. 152b), somewhat similar to our section 2863, and the court said: ''Section 6 abolished the common-law right to recover damages for an injury sustained by an employee in the line of his duty as such employee and the statutory right to recover damages for the death of an employee caused by negligence while engaged in the line of his duty as such employee. The language of the section is

broad enough, if considered as an independent sentence separate from any context, to deprive a workman injured in the manner mentioned, or his legal representatives or dependents, or any person otherwise entitled, of any right to recover damages against any person, whether his own employer, a fellow employee of his own employer whose negligence caused the injury, another employer in the same or a different kind of industry, an employee of another employer, or a total stranger to employment in any capacity who negligently or maliciously caused the injury. In any interpretation of the language, however, the subject-matter in connection with which it is used must be taken into consideration, and that subject-matter here is compensation for injuries suffered in the course of employment—not injuries generally or negligence generally. Those two subjects do not come within the scope of the Act, except as they are incidentally affected by the relation of employment— the respective rights and liabilities of the employer and employee because of that relation. If sections 11 and 29 had been omitted from the Act, there would be no justification for concluding that section 6 abolished the right of action for negligence causing injury or death. The provisions of the latter section apply only to the right of the employee against his employer, and have no reference to the liability of third persons causing injury to the employee. (*Goldsmith* v. *Payne,* 300 Ill. 119, 133 N. E. 52.)''

In *Stacy* v. *F. M. Hoyt Shoe Co.,* 83 N. H. 281, 141 Atl. 467, 469, the same contention as here made was considered under a statute reading: ''In case the injured workman, or in event of his death his executor or administrator, shall avail himself of this chapter, either by accepting any compensation hereunder, by giving the notice hereinafter prescribed, or by beginning proceedings therefor in any manner on account of any such injury, he shall be barred from recovery in every action at common law or under any other statute on account of the same injury.'' The court, in speaking of it, said: ''The suggested interpretation of the statute cannot be adopted. The Act concerns itself solely with mutual rights and liabilities

based upon the relationship of master and servant. It does not purport to define, enlarge or restrict the rights of workmen against persons other than their employers, and it must, therefore, be held that the only actions which are barred by the acceptance of compensation are actions against the employer.'' This was adhered to in the later case of *Holland* v. *Morley Button Co.*, 83 N. H. 482, 145 Atl. 142.

In *Davis* v. *Central Vermont Ry. Co.*, 95 Vt. 180, 113 Atl. 539, 540, the court held that a statute much like our sections 2838 and 2839, aside from other statutes on the subject, ''might well be taken to mean other rights and remedies which the employee had against the employer.''

In the case of *Silvia* v. *Scotten*, 2 W. W. Harr. (32 Del.) 295, 122 Atl. 513, 514, the statute under consideration was materially different from ours, but what the court said has equal application here. It said: ''When the purpose of the Workmen's Compensation Act is borne in mind it would be highly unreasonable to assume that in its enactment the legislature intended to save a class of wrongdoers who are in nowise related to the compensation scheme from the liability which the law had theretofore imposed upon them. The Workmen's Compensation Act concerns only employer and employee and is designed to afford a fair and equitable adjustment of their mutual rights and obligations, primarily for the benefit of the employee. A stranger to the employment is outside of the Act's contemplation, and his liabilities are not intended by the Act to be disturbed.''

The supreme court of Utah, in *Robinson* v. *Union Pac. Ry. Co.*, 70 Utah, 441, 261 Pac. 9, 13, while dealing with a statute differing from ours, said: ''Workmen's Compensation Acts in the various jurisdictions of the country have gone a long way in the direction of depriving both employers and employees of their common-law remedies and defenses, especially as between themselves, but we are cognizant of no statute at present which has gone to the length of depriving an employee, or his dependents, of a remedy against one not engaged in the same employment and over whose business the employer of the injured

employee has no control." Judge Straup in a concurring opinion said: "Our Industrial Act is a Workmen's Compensation Act and not an Exemption Act of strangers and tortfeasors exempting and releasing them as to one because in the employ of another, and on whom wrongs and torts are committed by them to his injury and damage."

The supreme court of Oregon placed the same interpretation upon a similar statute to ours before the amendment of 1925, as did the *Bruce* and *Black Cases* [*King* v. *Union Oil Company of California*, 144 Or. 655, 24 Pac. (2d) 345, 25 Pac. (2d) 1055], but did so largely upon the authority of the Washington and *Bruce Cases*. It reached the conclusion it did because of a statute very similar to our section 2863. It was section 2863 that formed the justification in the *Bruce* and *Black Cases*. In the *Bruce Case* this suggestion was made to the legislature: "If remedy is necessary, the legislature will give the subject attention." The legislature promptly repealed the provisions of section 2863, upon which emphasis was laid in the *Bruce* and *Black Cases* (Chap. 121, Laws 1925), and in my opinion evinced its intention to permit an injured employee to recover against a negligent third person, whether the injury occurred off or on the premises of the employer.

In the majority opinion two reasons are suggested which may have influenced the legislature in depriving an injured employee of the right to sue a negligent third person. It is suggested that, briefly stated, the first reason is that of relieving the employee of the expense necessary in instituting and maintaining an action at law, and, second, to give definite assurance of financial relief unattended by the hazards of a lawsuit. These are the reasons which prompted the legislature to fix the rights of the employee against the employer. They furnish no ground or plausible excuse for awarding a medal of immunity to a negligent third party. Motives of benevolence and charity toward those who labor cannot well be manifested by depriving them of substantial rights. An inter-

pretation of the statute—just but not generous to the employee—permits him to recover against a negligent third person.

The judgment should be affirmed.