## SULLIVAN v. NORTHERN PAC. RY. CO.
### No. 3983.

District Court, D. Minnesota, Fourth Division.

Sept. 13, 1938.

Stiles & Stiles and F. J. Donahue, all of Minneapolis, Minn., for plaintiff.

Arthur M. Lystad, of Minneapolis, Minn., and Leon C. Day and Charles H. Weyl, both of St. Paul, Minn., for defendant.

NORDBYE, District Judge.

The Northern Pacific Railway Company employed Addison Miller, Inc., to operate its coal docks, chutes and bins at Trout Creek, Montana. In connection with these duties, the latter company operated a large gasoline water pump and engine housed in a pump-house or station on defendant's premises. The defendant was the owner of the premises and machinery, but Addison Miller, Inc., in accordance with a written contract with the defendant entered into in March, 1930, was in sole charge of the operations therein. It employed the necessary men, including this plaintiff, to carry out its contract with the defendant. On April 17, 1937, the plaintiff, in the course of his employment with Addison Miller, Inc., stepped into a hole in the floor of the pump-house, lost his balance and fell into a rapidly moving cog

wheel of the engine, resulting in personal injuries. Plaintiff and Addison Miller, Inc., were subject to the provisions of the compensation act of the State of Montana. The plaintiff applied for compensation on account of said injuries under the compensation act, and has received a portion of the payments provided for under the terms of the said act. He brings this action to recover damages from the defendant on the grounds that it was careless and negligent in permitting the hole in the floor to exist under the circumstances set forth in the pleadings. ·

■ On this motion, the Court must assume that the defendant railway company owed a duty to the plaintiff; that the duty was breached, and a tort committed which proximately resulted in the injuries sustained. The question to be determined is whether it appears as a matter of law that the cause of the injury—the negligent act of the defendant in permitting the hole or opening to remain in the floor of the pump station under the circumstances related in the amended complaint—has a direct connection with plaintiff's regular employment or arose out of the employment or necessarily follows as an incident thereof. The amendment to the Montana compensation law in 1933 permits an employee to sue a third party for injuries received even though the employer and employee were subject to the Act; subject, however, to certain restrictions. The pertinent portion of Section 2839 reads as follows:

" * * * Provided, that whenever such employee shall receive an injury while performing the duties of his employment and such injury or injuries, so received by such employee, are caused by the act or omission of some persons or corporations other than his employer, and where the cause of such injury has no direct connection with his regular employment, and does not arise out of or necessarily follow as an incident thereof, then such employee, or in case of his death his heirs or personal representatives, shall, in addition to the right to receive compensation under the workmen's compensation act, have a right to prosecute any cause of action he may have for damages against such persons or corporations, causing such injury."

■ This Court must look to the Montana decisions for guidance and the interpretation of the amendment by the Montana Supreme Court is controlling herein. The

only Montana decision which construes the 1933 amendment is Koppang v. Sevier, 101 Mont. 234, 53 P.2d 455. In that case, a man employed as flagman on the highway controlling traffic was struck by an automobile driven by a third party who was using the highway and who was in no way connected with the employer or employee, or the work that was being performed. The court concluded that, as to the particular facts therein, the act or omission of the automobile driver in colliding with the flagman was within the restrictions of Section 2839 and was actionable. In other words, the court concluded that the act of the defendant therein in striking the plaintiff under the circumstances had "no direct connection with his regular employment, and does not arise out of or necessarily follow as an incident thereof." [Page 457.] It is fair to assume from the discussion in this case that the court concluded that the negligent act of the defendant was the introduction of an "extrinsic element into the situation as it otherwise would have existed between employer and employee," and was "entirely foreign to the risk involved" in the ordinary duties of the employee. The Montana court must have reasoned that the negligent act of the automobile driver was a thing apart from the relationship of the employer and employee, something extrinsic thereto. That is, the employer had no control, supervision or relationship with the automobile driver; the latter's acts were in no·way connected with any duty owing to the employee or the relationship existing between the employee and the employer. This decision is undoubtedly authority for a liberal and broad interpretation of the statute, giving the benefit of the doubt to the employee.

■ Prior to ·the 1933 amendment, the Montana Supreme Court had held in Clark v. Olson, 96 Mont. 417, 31 P.2d 283, that an employee had no right to sue a third party where the employee and employer were both· under the compensation act. The Legislature recognized that such right did not exist, and it sought, by the 1933 amendment, to grant this right to the employee subject to certain restrictions. It apparently endeavored to carry out the basic theory of the compensation laws that the employee's remedy was exclusively against the employer where the accident was one that . necessarily arose out of, and was directly connected with, his em-

ployment. While under the amendment the line of demarcation between the acts of a third party which are actionable and those which are not may be somewhat obscure by reason of the language used, this Court must apply the act to the admitted facts before it and endeavor to give effect to the intent of the Legislature.

■ It appears from the amended complaint and is recognized by both parties that Addison Miller, Inc., had a contract with the defendant to operate defendant's water pump and engine in the premises owned and furnished by the defendant. The alleged defect in the premises had apparently existed for some time in that the amended complaint alleges:

" * * * That the defendant, during and throughout the employment of plaintiff at and in said pump-house, failed to keep or maintain the interior of said house, excavation or room reasonably lighted or furnished with reasonably sufficient light and wrongfully and negligently maintained an uncovered and unprotected rectangular hole or excavation in the cement floor of said room or house, about seven inches wide, one foot in length and about three inches in depth, at a point in said floor between said engine and pump and the wall of said room or excavation alongside of and close to the base of said engine and pump, at all times hidden and obscured from view by dirty or discolored water with which it was filled and the cement floor of said room covered to a depth of an inch or more, which said rectangular hole or excavation in said floor constituted and was a continual hidden and undisclosed menace and source of danger to the personal safety and physical well-being of plaintiff or any person ignorant of its existence, who might be required to walk along the runway or passage-way between said machinery and said adjacent wall because of the likelihood of stepping into said hole or tripping his foot therein and falling against or upon exposed, unguarded, moving cog-wheels, pinions, or other parts of said engine and pump."

The plaintiff had been employed at this pump-house for over a year as a foreman, and he contends that, during all of this time, the negligent condition existed. It was in the premises where plaintiff performed his duties that this defect existed. This was his place of work furnished to him by his employer. Here he worked in and about these machines during the entire period.

The Montana Act provides: "2889. 'The plant of the employer' shall include the place of business of a third person while the employer has access to or control over such place of business for the purpose of carrying on his usual trade, business or occupation."

The duties of the plaintiff, according to the affidavit of W. J. McMahon, which affidavit is not denied herein and which in open court was recognized as correct by counsel for the plaintiff, consisted of "supervising three or four laborers in carrying on his employer's business, including the daily and routine watching and checking of the mechanical operations of the gasoline engine and water pump located in the pump-house, and the doing of any and all other work incidental to and a part of his employment." His place of employment was the pump-house, and according to the affidavit, "the pump-house machinery and equipment therein were used exclusively by Addison Miller, Inc., in furnishing necessary water for Northern Pacific Railway Company in the conduct of its business."

How can it be successfully contended, in light of these admitted facts, that the alleged negligence of the defendant had no direct connection with plaintiff's regular employment? The employer, Addison Miller, Inc., was obligated to furnish Sullivan a safe place to work, and while in absence of the compensation act, the employer and the defendant may be liable at common law for the negligent condition of the premises, are not the circumstances under which plaintiff was required to do his work an integral part of his employment? It would be difficult to conceive a situation which is more clearly within the scope of the provisions promulgated by the Legislature. The defect in the floor, the lack of light, the failure to warn, are not conditions that were suddenly thrust into the relationship of employer and employee extrinsic to it or foreign to it. This situation had been permitted by plaintiff's employer to continue during all the period that plaintiff was employed at the pump-house. If the condition of these premises and its maintenance under the circumstances, which was the cause of his injury, had no direct connection with his regular employment, then what state of facts would come within the scope of the restrictions

enunciated by the Legislature? The Northern Pacific Railway Company is not an independent agency having no connection with plaintiff's employer. Quite the contrary is true. The very work which plaintiff was performing was in furtherance of a contract between his employer and the defendant and in furtherance of defendant's business. The pump-house had been constructed by the defendant and turned over to the plaintiff's employer so that the latter could carry out its contract with the defendant. Obviously, the defendant was not a stranger to the relationship between plaintiff and his employer, and if it was negligent in connection with the maintenance of the pump-house, the cause of the injury was peculiarly and directly connected with the regular employment of the plaintiff. The accident occurred because plaintiff had not been furnished a safe place to work, regardless of who is to blame. The injury resulted because of that very condition. Under the Montana act, therefore, plaintiff must be relegated to his exclusive remedy against his employer. No other result can be reached in view of the admitted facts, unless the provisions of the act referred to are to be completely emasculated.

It may be urged that the case should be heard on its merits before this question is determined, but it may be doubted that any additional light will be adduced when the evidence is all in which will materially clarify the issues involved. The pleadings and admissions of the parties fully present the situation that existed. It will be more expeditious for all concerned to have this legal question determined before a long, expensive trial is had. If plaintiff desires a review of this ruling, the record will be brief and an appeal may be speedily effected.

Paragraph IX of the amended complaint reads: "That said injuries so sustained by plaintiff were solely caused by acts and omissions of the defendant, as hereinbefore alleged, and that said acts and omissions had no direct connection with his regular employment and did not arise out of or necessarily follow as an incident thereof."

It may be doubted that this paragraph is subject to be stricken as sham and frivolous. However, in that the Court has concluded that plaintiff does not, under the Montana statute, have an action against this defendant, it does not become necessary to determine that question. The paragraph states a conclusion expressly contrary to the law applicable. In harmony with the views expressed herein,

It is ordered that defendant's motion for judgment on the pleadings be granted and that judgment be entered in favor of the defendant against the plaintiff. A stay of thirty days may be entered. An exception is allowed to the plaintiff.