## SULLIVAN v. NORTHERN PAC. RY. CO.
### No. 11402.

Circuit Court of Appeals, Eighth Circuit.
June 20, 1939.

518

Stiles & Stiles and F. J. Donahue, all of Minneapolis, Minn., for appellant.

Arthur M. Lystad, of Minneapolis, Minn., and Leon C. Day and Charles H. Weyl, both of St. Paul, Minn., for appellee.

Before GARDNER and WOODROUGH, Circuit Judges, and BELL, District Judge.

BELL, District Judge.

This is an action to recover damages alleged to have been sustained by Appellant while employed by Addison Miller, Inc. and engaged in the operation of a gasoline pump located on premises owned by Appellee at Trout Creek, Montana. After the issues were joined, the Appellee made a motion for judgment on the pleadings. The motion was sustained and from the judgment entered in favor of the Appellee this appeal was taken.

The Appellant alleges that the Appellee was the owner and in possession of the pump-house in which the accident occurred and of the equipment therein; that on April 17, 1937, and for many years prior thereto Addison Miller, Inc. was employed by Appellee to operate its pumping station, coal docks, chutes and bins; that Appellant, with the knowledge and consent of the Appellee at said time, and for several years prior thereto, was employed by Addison Miller, Inc. as a foreman and was in charge of the operation of the pump and other equipment on the premises ; that it was the duty of the Appellee at all times to refrain from negligently exposing Appellant to any hidden or undisclosed danger while in the performance of his duties, and to warn him of any hidden or undisclosed danger, and to use ordinary care in providing him a reasonably safe place in which to perform the duty of his employment; that the Appellee, in violation of its duty, negligently failed to provide Appellant with a reasonably safe place in which to operate said pump, in that, there was a hole in the concrete floor of the pump-house near the pump one foot long, seven inches wide and three inches deep which was at all times obscured from view by dirty and discolored water which filled the hole and covered the floor to the depth of an inch or more; that Appellant had no knowledge of the existence of the hole, was not warned in any way by the Appellee of its existence and that the premises were insufficiently lighted; that Appellee, while engaged in the performance of his duties, stepped into the hole, lost his balance and fell, and as a result his left arm was caught in certain moving machinery in consequence of which he was permanently injured.

The Appellee alleges that the Montana Workmen's Compensation Act, Rev.Codes Mont.1935, § 2816 et seq., provided the exclusive remedy; and that Appellant, having accepted the benefits of that Act from his employer, could not maintain an action against the Appellee under the facts alleged in the pleadings.

Appellant in his reply admits that he and his employer were subject to the provisions of the Workmen's Compensation Act and that he has received compensation under it.

Well-pleaded facts are admitted by the motion and it may be assumed from the pleadings in this case that Appellee owed Appellant a duty, that it was violated and that a tort was committed which was the proximate cause of Appellant's injury; therefore, it becomes necessary to decide whether, as a matter of law, the facts alleged reveal a case within the provisions of the Workmen's Compensation Act and thus preclude a recovery against a third party.

Section 2839, Montana Revised Code 1935, provides: "Where both the employer and employee have elected to come under this act, the provisions of this act shall be exclusive, and such election shall be held to be a surrender by such employer and such employee, as between themselves, of their right to any other method, form or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity, or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter specifically granted; and such election shall bind the employee himself, and in case of death shall bind his personal representative, and all persons having any right or claim to compensation for his injury or death, as well as the employer, and those conducting his business during liquidation, bankruptcy or insolvency. Provided, that

whenever such employee shall receive an injury while performing the duties of his employment and such injury or injuries, so received by such employee, are caused by the act or omission of some persons or corporations other than his employer, and where the cause of such injury has no direct connection with his regular employment, and does not arise out of or necessarily follow as an incident thereof, then such employee, or in case of his death his heirs or personal representatives, shall, in addition to the right to receive compensation under the workmen's compensation act, have a right to prosecute any cause of action he may have for damages against such persons or corporations, causing such injury. * * *"

The decision in this case must be determined by the meaning of the language contained in the proviso above quoted. It may be clarified by transposition, as follows: Whenever an employee shall receive an injury while performing the duties of his employment and such injury is caused by the act or omission of some persons or corporations other than his employer, he shall, in addition to the right to receive compensation under the Workmen's Compensation Act, have a right to prosecute any cause of action he may have for damages against such persons or corporations causing such injury, where the cause of such injury has no direct connection with his regular employment, and does not arise out of or necessarily follow as an incident thereof.

This statute has had consideration and has been interpreted by the Supreme Court of Montana in two exhaustive opinions, Clark v. Olson, 96 Mont. 417, 31 P.2d 283, and Koppang v. Sevier, 101 Mont. 234, 53 P.2d 455.

In the case of Clark v. Olson, supra, the plaintiff, a street cleaner, employed by the city and engaged in the performance of his duties was struck and injured by a careless driver of an automobile. The plaintiff received payments under the Workmen's Compensation Act and it was held that the remedy thereunder was exclusive and that he was not entitled to recover in a suit against the automobile driver. It was contended by the plaintiff that the statute applied to causes of action arising between the employer and the employee and not to causes between the injured employee and a third party. The Court followed its previous decisions of Bruce v. McAdoo, 65 Mont. 275, 211 P. 772, and Black v. Northern Pacific Railway Company, 66 Mont. 538, 214 P. 82. The proviso had been added to the statute by the legislative enactment of March 14, 1933, Laws 1933, c. 138. The opinion was filed subsequent to that date but the case was determined by the law as it existed at the time of the accident. However, in commenting on the amendment, the Court said [96 Mont. 417, 31 P. 2d 289]: "It is clear that, when the Legislative Assembly thus amended the section, it was of the opinion that an employee working under the terms of the Compensation Act did not have any right to proceed against a third person for an injury done in the course of the employee's employment, and acted affirmatively to give the employee such right. * * *"

In the case of Koppang v. Sevier, supra, the plaintiff, a flagman, employed by the highway commission and engaged in the performance of his duties was struck and killed by a careless driver of an automobile. The widow made application for and received payments under the Workmen's Compensation Act, but it was contended that this was not a bar to an action against the third party. The principles involved were the same as those in Clark v. Olson, supra, but the Court held that the amendment of 1933 eliminated the restriction contained in the pre-existing law and that the plaintiff could recover. The Court said [101 Mont. 234, 53 P.2d 457]: "It will be important to observe what unjust condition it was intended to correct. There is but one inevitable conclusion, and that is that the rule laid down in the previous cases, that a workman could not accept compensation under the Workmen's Compensation Act and at the same time maintain (an action) against an independent tort-feasor, was unjust, and that such condition of the law constituted the unjust condition thereafter to be avoided."

The Court further said: "It is our settled conviction * * * that the Legislature intended to insure to any one who might subsequently be found in the position of either employee a cause of action against an independent tort-feasor for his own benefit, in supplement of regular compensation under the Workmen's Compensation Act, but subject to the restrictions and requirements thereof."

Apparently, the Legislature sought to apply the basic theory of compensation laws that the employee's remedy was

against the employer exclusively where the injury was an incident of the employment, and at the same time to authorize a recovery against an independent tort-feasor where the cause thereof had no direct connection with the regular employment and was not an incident thereof. The distinction between the torts of third parties that are actionable and those that are not may not always be clear, but the provisions of the statute must be applied to the facts in each particular case to give effect to the intention of the Legislature. It is obvious that prior to the amendment of 1933, an injured employee who accepted the benefits of the Workmen's Compensation Act was precluded by the statute from maintaining an action against a third party tort-feasor, unless the injury was sustained when the employee was away from the employer's place of business and not engaged in the performance of his duties; and it is just as obvious that subsequent to the amendment an injured employee, even though compensation has been received under the Workmen's Compensation Act, can maintain an action against a third party tort-feasor, unless the restrictions with which we are here concerned preclude it. In other words, if the cause of the injury has a direct connection with the regular employment, and if the cause of the injury arises out of or necessarily follows as an incident thereof, then the employee cannot now maintain an action against the third party.

The legal principles contained in the proviso must be applied to the facts in the case under consideration. The pump-house and the equipment therein were owned and were in the possession of the Appellee. The pumping and other services were performed under a contract by Miller, Inc. for the Appellee. The Appellant was employed as a foreman and for several years had been familiar with the premises. The alleged hole in the floor and the defective lighting were on the premises where the Appellant had performed his daily duties. The pump-house and equipment were provided by the Appellee for the use of the employer and in turn for the use of the Appellant. The negligence alleged was the defective condition of the premises. The cause of the injury to the Appellant had a direct connection with his regular employment, and the injury necessarily followed as an incident thereof. It did not result in whole or in part from the intrusion of some extrinsic element into the situation, something separate and apart from the relationship of the employer and employee and something foreign to the risk of the employment. The Appellee was not independent of the employment; to the contrary, it was closely identified with it. The negligent acts with which the Appellee is charged had a very direct connection with the employment and the injury followed as an incident thereto. In the final analysis the Appellee was not an independent tort-feasor.

The problem presented here is very different from that where the automobile driver on a public street carelessly runs down the street cleaner as in the Clark case, or the flagman as in the Koppang case. In those cases the employer had no control over the operation of the automobile, while in this case the employer had supervision and control over the premises where the accident occurred and was directly responsible for their condition. In those cases the employer was not charged with negligence, while in this case both the employer and the Appellee may have been negligent. Appellee in fact was the master whom both the employer and employee were serving. If the Compensation Act were eliminated, both the Appellee and the employer may be liable under the common law because of the defective condition of the premises; but, under the language of the Act, the legislature has seen fit, in unmistakable terms, to deny the employee the right to maintain an action against Appellee under the circumstances of this case. If the facts alleged in the pleadings do not bring this case squarely within the restrictions of the proviso, its language is meaningless; indeed, it would be difficult to find a more apt illustration of the very case contemplated by the Act.

There was no error in entering judgment for Appellee on the pleadings and the judgment is

Affirmed.