JUSTICE NELSON
dissents.
¶33 I dissent from the Courts interpretation of the term “another” in § 45-5-213(l)(b), MCA, to mean the intended victim of the serious bodily injury.
¶34 Section 45-2-101, MCA, defines “another” as, simply, “a person or persons other than the offender.” Interpreting the statute as the majority does violates the statutory responsibility imposed on this Court by § 1-2-101, MCA:
In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.
In doing otherwise, the Court intrudes into and directly contravenes the Legislatures’ constitutional authority, for the duty of this Court in interpreting a statute is to construe the law as we find it-“not to enact, *218 but to expound, the law.” In re Marriage of Skillen, 1998 MT 43, ¶ 105, 287 Mont. 399, ¶ 105, 956 P.2d 1, ¶ 105 (Nelson, J., concurring and dissenting) (citing State ex rel. Durland v. Board of County Comm’rs (1937), 104 Mont. 21, 24, 64 P.2d 1060, 1062; Clark v. Olson (1934), 96 Mont. 417, 432, 31 P.2d 283, 288; Montana Beer Retailers’ Protective Ass’n v. State Bd. of Equalization (1933), 95 Mont. 30, 34, 25 P.2d 128, 130).
¶35 The language inserted by the majority may be appropriate from a policy standpoint and to more clearly define the term “another” as used by the Legislature. The point is, the State relied on the language used by the Legislature and if the Legislature wants to limit the scope of the statute, it is free to do so.
¶36 By interpreting § 45-5-213(l)(b), MCA, to refer only to the intended victim of the serious bodily injury, the majority is arbitrarily inserting language into the statute that the Legislature saw fit to omit. Thus, I respectfully dissent.